Laramore, Judge,
delivered the opinion of the court:
This is an action to recover retainer pay as a member of the Fleet Reserve pursuant to section 203 of the Naval Reserve Act of 1938, 52 Stat. 1175, 1178, providing for the transfer of enlisted men to the Fleet Reserve upon the completion of either 16 or 20 years of active naval service, with retainer pay based upon length of service, and the Career Compensation Act of 1949, 63 Stat. 802, providing for the retainer and retired pay of enlisted personnel of the U.S. Navy.
The case arises on cross-motions for summary judgment and the following facts are pertinent: Plaintiff first enlisted in the U.S. Navy on October 15, 1923, and served until discharged on April 11,1944. At the time of discharge he had served on active duty for a total of 20 years, 5 months, and 26 days.
On January 7,1944, plaintiff was convicted by a summary court-martial on charges and specifications of theft, to which he pleaded guilty. The original sentence to 30 days’ confinement with reduction to the next lower rating was set aside *402 by the Secretary of the Navy. The Chief of Naval Personnel, acting for the Secretary of the Navy, then directed plaintiff’s commanding officer to discharge plaintiff as undesirable by reason of unfitness (because of thefts). On April 11, 1944, pursuant to the above direction, plaintiff was given an undesirable discharge.
The Board for Review of Discharges and Dismissals, on April 27,1948, ruled that plaintiff’s discharge was legal and proper and recommended no change in the character of his discharge. The action of the Review Board was approved by the then Acting Secretary of the Navy on May 12, 1948.
Plaintiff subsequently, on March 4, 1958, applied to the Board for Correction of Naval Records asking that his undesirable discharge be changed to an honorable discharge. The Correction Board determined that the undesirable discharge given plaintiff be remitted and a general discharge substituted in lieu thereof. On December 10, 1958, the Secretary declined to approve the favorable action recommended by the Correction Board.
Following a request for reconsideration, the Secretary of the Navy on September 23, 1960, revoked his action of December 10,1958, and approved the decision of the Correction Board. Plaintiff was so advised by letter dated September 26’, 1960.
Plaintiff filed a claim for moneys lawfully found to be due him as the résuít of the change in the character of his discharge. Plaintiff, on January 4, 1961, was sent a check in the amount of $767.37, representing mustering out pay, terminal leave pay, and transportation allowance.
The primary question presented is whether the decision of the Correction Board, ultimately approved by the Secretary of the Navy, required that plaintiff be given the status and resulting pay of a member of the Fleet Reserve from April 11,1944.
At the outset it is noted that plaintiff seems to base his claim on a false premise. He maintains that his discharge “* * * from the U.S. Navy has been determined to have been erroneous and to have resulted in an injustice to him * * This is not the fact. The petition alleges that the Correction Board’s approved recommendation was that he be given a *403 general discharge in lieu of the undesirable discharge originally given him (Petition, par. 9). The record further clearly shows that the error or injustice which the Correction Board thought required correction and which the Secretary of the Navy deemed also to require correction was the character and not the fact of discharge. While we are not supplied with plaintiff’s application filed with the Board for Correction of Naval Records, it seems obvious that the character of his discharge was all that he petitioned for. Therefore, it is evident that at no time was the fact of his discharge determined to be erroneous.
Thus, the record in this case leaves no room for doubt that plaintiff was discharged from the Navy on April 11, 1944, with an undesirable discharge. Later action by the Correction Board and approval by the Secretary of the Navy in no manner reinstated plaintiff as an enlisted man in the U.S. Navy. The result of the approved decision of the Correction Board was merely to change the character and not the fact o,f discharge. Goldstein v. United States, 131 Ct. Cl. 228, 130 F. Supp. 330, cert. denied 350 U.S. 888 (1955); Smith v. United States, 145 Ct. Cl. 104, 170 F. Supp. 639 (1959).
It seems quite clear that all acts relating to the transfer to the Fleet Reserve contemplate transfer from an active duty status. For example, section 203 of the Naval Reserve Act of 1938, supra, provides:
Men serving in the Regular Navy, who, having enlisted therein on July 1, 1925, or prior thereto, or who having been discharged therefrom prior to July 1,1925, and reenlisted in the Regular Navy within three months from the date of discharge, or who were serving in the Naval Reserve Force on July 1, 1925, in an enrollment entered into within four months from the date of their discharge from the Regular Navy and thereafter reenlisted in the Regular Navy within three months from the date o,f their discharge from the Naval Reserve created by the Act of February 28, 1925, shall be entitled to be transferred to the Fleet Reserve * * *[1]
Section 204 of the Naval Reserve Act of 1938, 52 Stat. 1175, *404 1179, as amended by the Act of August 10,1946,60 Stat. 993, provides:
Members of the Navy wbo first enlisted in the Navy after July 1,1925, or who reenlisted therein after July 1, 1925, having been out of the Regular Navy for more than three months, may upon their own request be transferred -to the Fleet Reserve upon the completion of at least twenty years’ active Federal service. * * *
The fact that transfer to the Fleet Reserve contemplates transfer from an active duty status is admitted by plaintiff in his reply brief wherein he states “neither does the plaintiff dispute the fact that the Naval Reserve Act of 1938 contemplates transfer to the Fleet Reserve from an active duty status as urged by defendant.”
Assuming then, as we must from the record, that plaintiff was actually discharged from the Navy, it seems quite clear that he had no right to a transfer to the Fleet Reserve. To establish any claim for retainer pay plaintiff must show either that the discharge was vacated or that he later reenlisted. The record discloses neither. His request in the Correction Board’s proceedings was that the character of his discharge be changed. He did not attempt reenlistment and in any event either a request that the discharge be vacated with transfer or reenlistment would be at the discretion of the Secretary of the Navy. Peterson v. United States, 155 Ct. Cl. 159, 292 F. 2d 892 (1961).
Plaintiff makes no claim in his petition that any Navy regulation was violated in his discharge. However, on brief, plaintiff argues that the administrative action of discharging bim prior to three months before the expiration of his term of enlistment was in violation of the provisions of article 1686(2) of the Navy Regulations of 1920, as reprinted in 1932, which provided:
No enlisted person serving in the Navy of the United States shall be discharged therefrom prior to three months before the expiration of his term of enlistment, or extended enlistment, except by special order of the Secretary of the Navy, or for one of the following causes : undesirability, inaptitude, physical or mental disability, unfitness on account of under age or by sentence of court martial. In every case the recommendation for such dis *405 charge must he made hy the immediate commanding officer u/nder -whom the man may he serving. Applications for discharges which reach the Department in any way except through said commanding officer shall be disregarded. [Emphasis supplied.]
Plaintiff’s argument in connection with the above regulation is that his commanding officer had not recommended his discharge. This contention was not urged in the Correction Board proceedings. Consequently, the Correction Board, as stated earlier, did not find that plaintiff’s discharge was erroneous, and plaintiff’s status was still that of a discharged Navy enlisted man.
In our opinion, recommendation for discharge made by the immediate commanding officer refers to discharges issued for undesirability, inaptitude, physical or mental disability, or unfitness on account of under age, and does not extend to a special order of the Secretary of the Navy. Our opinion is based on the fact that sentences of courts-martial, after review, are final and not reviewable by courts or agencies, etc., 10 U.S.C. § 816. To say otherwise would be to take from the court-martial boards the power and jurisdiction to remove convicted persons from the Navy rolls. We think this could never have been intended. This is especially true in the light of section 6 of the Naval Beserve Act of 1938, which gives the Secretary of the Navy authority to issue discharges for full and sufficient cause, 52 Stat. 1175, 1176. Nor can the fact that the Chief of Naval Personnel, and not the Secretary of the Navy, directed the discharge give plaintiff any comfort. By statute then in effect, 5 U.S.C. §430 (1946 Ed.), orders from the Chief of the Bureau of Personnel “shall be considered as emanating from him [the Secretary of the Navy], and shall have full force and effect as such.” As a matter of fact, such delegation of authority is still the law, 10 U.S.C. §5132 (1958 Ed.).
In conclusion, the Secretary of the Navy was not required to restore plaintiff’s entitlement to transfer to the Fleet Beserve, even if plaintiff had requested this relief. Peterson v. United States, supra. Absent relief by the Secretary of the Navy, plaintiff remained discharged from the Navy and as a discharged enlisted man had no right of transfer to the Fleet Beserve.
*406 Defendant raises two other points: (1) the claim is barred in part by the statute of limitations, and (2) acceptance of mustering out pay precludes the assertion of the claim herein. In the light of the above conclusion, it is unnecessary to pass on these points.
Plaintiff’s motion for summary judgment is denied. Defendant’s cross-motion for summary judgment is granted, and plaintiff’s petition is dismissed.

 Although eligible for transfer to the Fleet Reserve prior to his discharge, plaintiff had not applied for such transfer.