**GORDON    v.    UNITED STATES.**
No. 50395.

United States Court of Claims.
June 8, 1954.

Clara L. Longstreth, Washington, D. C., for plaintiff. William E. Leahy and William J. Hughes, Jr., Washington, D. C., were on the brief.

Francis X. Daly, Washington, D. C., with whom was Warren E. Burger, Asst. Atty. Gen., for defendant.

Before JONES, Chief Judge, and LITTLETON, WHITAKER, MADDEN and LARAMORE, Judges.

LARAMORE, Judge.

The facts sufficiently appear from the opinion of the court.

This is an action by a Colonel of the Army of the United States for accrued leave, for mileage, and pay and allowances to his home, and for his pay and allowances as a Colonel in the Army of the United States on active duty from July 25, 1947, to June 19, 1951, with interest.

The case is submitted on plaintiff's motion for summary judgment, affidavit in support thereof, defendant's objections thereto, and defendant's motion for summary judgment.

Plaintiff was commissioned a Second Lieutenant in the Coast Artillery Reserve on June 5, 1937. On March 26, 1941, plaintiff was called to active duty as Second Lieutenant, Army of the United States. While on active duty plaintiff was promoted through the various grades and finally on June 1, 1944, was promoted to Lieutenant Colonel, Army of the United States. He continued to hold the rank of Lieutenant Colonel, AUS, until July 25, 1947, when he was released from active duty and discharged by Special Order No. 146, Headquarters, Fort Myer, Virginia.

On April 18, 1947, while plaintiff was on temporary duty in the United States from his assigned duty station in Korea he was placed under arrest by the military authorities at the Pentagon. He was held in arrest until July 25, 1947, when Special Order No. 146 was issued relieving plaintiff from active duty.

Plaintiff was informed of and knew of the allegations and accusations made against him. During the preliminary investigation of the accusations he was represented by civilian counsel of his own choosing. Plaintiff refused to cooperate in the preliminary investigation of the accusations against him and refused on the advice of his counsel to answer questions on the grounds of incrimination.

The substance of the accusations made against plaintiff, which were the subject of preliminary investigation, are as follows:

"(1) Violation of customs laws and regulations by importing into the United States property of value without paying the duty thereon.

"(2) Violation of Army Regulation 600-10 dated July 8, 1944, which prohibited service personnel from accepting substantial gifts from foreigners with whom they had official business.

"(3) Misappropriation of foreign property."

A preliminary investigation of the accusations against plaintiff was conducted both in the United States and in Korea but no formal charges were filed against plaintiff while this investigation was in progress. While the preliminary investigation was still in progress in Korea, a report of the preliminary investigation conducted in the United States was filed on May 21, 1947, marked "confidential." This report recommended that charges be preferred against plaintiff. It concluded that this should be done without waiting for the report from Korea which might be "unproductive of evidence of further crime" by plaintiff. Following this the Provost Marshal, on May 29, 1947, sent a formal charge sheet to General Ferenbaugh who had court-martial jurisdiction of plaintiff and recommended trial by general court-martial. A conference was held on June 16, 1947, between General Ferenbaugh, his Staff Judge Advocate, Colonel Olevette, and officers of the Provost Marshal's office for the Military District of Washington, and it was decided not to court-martial plaintiff but to separate him from the service as surplus and not give him a reserve commission. Plaintiff was never served with formal charges, they were never referred to trial, and they were dropped.

On July 25, 1947, Special Order No. 146, Headquarters, Fort Myer, Virginia, was issued. Paragraph 31 of this order relieved plaintiff from active duty effective July 25, 1947, and provided that his temporary commission should not remain in force. It further provided that War Department letter of discharge would be forwarded to plaintiff.

By letter dated August 13, 1947, the Department of the Army notified plaintiff that by direction of the President he was discharged from his temporary commission as Lieutenant Colonel, AUS, effective July 25, 1947, and from his commission as First Lieutenant, Finance Department, Reserve, effective August 13, 1947. He was refused a certificate of honorable service, terminal leave, mileage, and pay and allowances.

Plaintiff applied to the Army Board on Correction of Military Records for relief. On March 13, 1951, plaintiff was notified by letter from the Adjutant General of the Army that his separation from service had been further reviewed by the Army Board on Correction of Military Records under section 207 of the Legislative Reorganization Act of 1946, 60 Stat. 812, 837, 5 U.S.C. § 191a (1946), 5 U.S.C.A. § 191a, and was further advised that the Secretary of the Army had directed that the records of plaintiff be corrected to show that his release from active duty and discharge without specification were in error and unjust. As part of this corrective action plaintiff was promoted to the rank of Colonel (terminal) effective July 25, 1947, was issued a certificate of service showing that he had served honorably from March 26, 1941, to July 25, 1947, was relieved from active duty as a Colonel, AUS, and discharged from his temporary commission as Colonel, AUS, effective July 25, 1947. He was further issued an Officers Reserve Corps commission in the grade of Colonel, Finance Reserve, effective July 25, 1947. He was further notified that his application for restoration to active duty as of July 25, 1947, and all other requests for correction were denied.

All these corrections to plaintiff's records were subsequently made.

Defendant, on March 14, 1952, filed in this court a motion to dismiss on the ground that plaintiff had not exhausted the administrative remedy given to him by Public Law 220. As a result of a hearing before this court on that motion, this case was suspended to give plaintiff an opportunity to seek monetary relief from the Army Board on Correction of Military Records. Plaintiff applied to the board for this relief and was notified by letter dated July 18, 1952, that he was entitled to $1,019.31 by reason of the correction of his records as follows:

*Credits:*

*Base and Longevity Pay:*
Diff in pay bet Col 0/9 and
Lt Col 0/9 for (1) day—
25 July 1947............ $ 1.76

*Unused Furlough Credits:*
Col 0/9 yrs sv (60
days) w/dep
Pay ............ $843.34
Qtrs ............ 240.00
Subs ............ 84.00
——— 1,167.34

*Travel Pay:*
249.1 miles at 8¢ per mile.. 19.93
From: Fort Myer, Virginia
Scottdale, Penna.

Total Credits..... $1,189.03

*Debits:*
Diff in subs allowance bet Col 0/9
w/dep and Lt Col
0/9 w/dep for
one (1) day—25
July 1947 ...... $ .70
Withholding Tax
(20% of $845.-
10) ............ 169.02
——— 169.72

Total Amount Due $1,019.31

This letter advised plaintiff that if he accepted this amount in full and final settlement of his claims a "check in payment of the amount due will be released." Plaintiff notified the board by letter dated August 14, 1952, that he refused the offer to settle for this amount.

In seeking to invoke the jurisdiction of this court plaintiff relies on the fact that his records were corrected under the provisions of section 207 of the Legislative Reorganization Act of 1946, supra, which was amended by an act of Congress on October 25, 1951. Section 207 provided:

"The Secretary of War, the Secretary of the Navy, and the Secretary of the Treasury with respect to the Coast Guard, respectively, under procedures set up by them, and acting through boards of civilian officers or employees of their respective departments, are authorized to correct any military or naval record where in their judgment such action is necessary to correct an error or to remove an injustice."

The Act of October 25, 1951, 65 Stat. 655, 5 U.S.C. 191a, 5 U.S.C.A. § 191a, Public Law 220, provided:

"(a) The Secretaries of the Army, Navy, and Air Force and the Secretary of the Treasury (with respect to the Coast Guard), respectively, under procedures set up by them, and acting through boards of civilian officers or employees of their respective Departments, are authorized to correct any military or naval record where in their judgment such action is necessary to correct an error or remove an injustice, *and corrections so made shall be final and conclusive on all officers of the Government except when procured by means of fraud:* * * * [Italics supplied.]

"(b) The Department concerned is authorized to pay, out of applicable current appropriations, claims of any persons, their heirs at law or legal representatives as hereinafter provided, of amounts paid as fines, forfeitures, or for losses of pay (including retired or retirement pay), allowances, compensation, emoluments, or other monetary benefits, as the case may be, which are found to be due on account of military or naval service as a result of the action heretofore taken pursuant to section 207 of the Legislative Reorganization Act of 1946, or hereafter taken pursuant to subsection (a) of this section: * * *.

"(c) The acceptance by the claimant of any settlement made pursuant to subsection (b) of this section shall constitute a complete release by the claimant of any claim against the United States on account of such correction of record.

"(d) Applicable current appropriations shall be available for payment of such sums as may be due for continuing the pay (including retired or retirement pay), allowances, compensation, emoluments, and other monetary benefits to persons who shall have received payment pursuant to the provisions of subsection (b) of this section and who may be entitled to such continuing payments as a result of the correction of their military or naval records: *Provided,* That continuing payments are authorized to be made to such personnel for not more than one year following the date of the correction or one year following the date of enactment of this Act, whichever be the later, without the necessity of reenlistment, appointment, or reappointment to the grade, rank, or office to which such pay (including retired or retirement pay), allowances, compensation, emoluments, and other monetary benefits are attached, and such reenlistments, appointments, and reappointments are hereby authorized by the Secretary concerned without regard to other qualifications.

"(e) The Secretary of Defense and the Secretary of the Treasury, for their respective Departments, shall make semi-annual reports to the Congress of all claims paid under this subsection during the period covered by each such report. Each such report shall include, with respect to each such claim, a statement of the amount paid, to whom, and a brief description of the claim.

"(f) Nothing in this Act shall be construed to authorize the payment of any amount as compensation for any benefit to which the claimant might subsequently become entitled under the laws and regulations administered by the Administrator of Veterans' Affairs."

Plaintiff, on February 13, 1950, applied to the Army Board on Correction of Military Records (section 207 of the Legislative Reorganization Act of 1946, as amended by Public Law 220, supra) and stated that:

"I request that my relief from active duty (by direction of the President) without specification as to my character, provided for in par. 31, SO 147, Headquarters, Fort Myer, Virginia, dated 25 July 1947, be corrected to show relief from active duty under honorable conditions, and that the remaining portion of such order relating to (a) AUS Commission, (b) transportation and pay allowances, (c) leave, and (d) separation from the service be revised and corrected accordingly."

By this application plaintiff invoked the jurisdiction of the Army Board on Correction of Military Records and was bound by the terms thereof unless the resulting action of the board was arbitrary or capricious, etc., or was in violation of some other substantive right. There is no allegation in the petition of arbitrary or capricious action by the board, and we see no violation of any substantive right.

It is apparent that plaintiff is before this court on his motion for summary judgment because of the action taken by the Board on Correction of Military Records under section 207, and because of the board's failure to give him all the monetary relief he applied for under Public Law 220.

Plaintiff insists that his constitutional rights have been violated. On the basis of the board's findings, plaintiff was entitled to a certificate of honorable service as of July 25, 1947, and to the monetary benefits due him by reason thereof. Plaintiff has been awarded both of these by reason of the board's decision and no other property right has been taken from him. It must be concluded, therefore, that plaintiff has not been deprived of his rights under the Fifth and Sixth Amendments to the Constitution and under the authority of United States v. Jones, 336

U.S. 641, 69 S.Ct. 787, 93 L.Ed. 938, the jurisdiction of this court cannot be invoked.

For the foregoing reasons plaintiff's motion for summary judgment is denied, defendant's motion for summary judgment is allowed, and plaintiff's petition is dismissed.

JONES, Chief Judge, and MADDEN, WHITAKER and LITTLETON, JJ., concur.