Hans GOLDSTEIN
v.
THE UNITED STATES.
No. 482–52.

United States Court of Claims.
April 5, 1955.

Hans Goldstein, pro se.

Laurence H. Axman, New York City, with whom was Asst. Atty. Gen., Warren E. Burger, for defendant.

Before JONES, Chief Judge, and LITTLETON, WHITAKER, MADDEN and LARAMORE, Judges.

LITTLETON, Judge.

Plaintiff, a former member of the United States Army, brings this action to recover additional pay alleged to be due him for the period August 19, 1943, the date of his enlistment, through January 28, 1952, the date on which he was granted an honorable discharge in lieu of the dishonorable discharge which was issued and received by plaintiff upon his separation from the service on July 9, 1945.

Plaintiff, although at the time overage for Selective Service, enlisted in August 1943, in response to the Army's need for certain specialists in scarce

categories, the qualifications for which plaintiff claimed to possess. Upon his assignment to a training unit he protested his rank of private and the failure of the Army to give him a special service assignment to which he contended he was entitled under a pre-enlistment covenant with the Army. Plaintiff persisted in this connection, and investigations as to his status were conducted by the Army. He received numerous assignments and attained the rank of corporal, but he remained dissatisfied.

In the spring of 1945, during one of these investigations by the Army, certain irregularities in connection with plaintiff's enlistment were brought to light with the result that he was charged with fraudulent enlistment and he was thereupon tried by a general court-martial. The evidence adduced at this trial showed that at the time plaintiff enlisted he answered "No" to questions as to whether or not he had previously been convicted of any crime (finding 4). The evidence further showed that the plaintiff in 1938 had been convicted on his plea of guilty in a Federal district court on each of three counts of an indictment charging that he had defrauded the United States of $2,355.48 by making false and fraudulent claims in violation of 18 U.S.C. § 80,* and he was sentenced by the United States District Court to imprisonment of one year and one day on each of the three counts with sentences to run concurrently. The court suspended sentence, and plaintiff was placed on probation for one year and one day.[1] The court-martial found him guilty as charged, and he was sentenced "to be dishonorably discharged [from] the service, to forfeit all pay and, allowances due or to become due, and to be confined at hard labor, * * * for one (1) year." Upon the recommendation of the Judge Advocate General the confinement portion of the sentence was remitted. This sentence, as modified,

was approved by the reviewing authorities and under it plaintiff was separated and dishonorably discharged from the service on July 9, 1945. During the intervening years, plaintiff has made various efforts to have the court martial set aside, but all who reviewed the matter found his contentions to be without merit (findings 13–19).

Late in 1951, plaintiff's application for relief, which included the relief now sought in this court, reached the Army Board on Correction of Military Records established under section 207 of the Legislative Reorganization Act of 1946, 60 Stat. 812, 837, as amended by 65 Stat. 655, Public Law 220, 5 U.S.C.A. § 191a. Acting on the recommendation of this Board, the Secretary of the Army, on January 8, 1952, directed the Adjutant General as follows:

"1. That all the Department of the Army records of Hans Goldstein, 14 085 997, be corrected by entry of the notation thereon that it shall be held and considered:

"a. That he was separated on a certificate of honorable discharge from the Army of the United States, dated 9 July 1945.

"b. That the reduction in grade from Corporal to Private on 29 June 1945 was and is of no force and effect.

"c. That he is not chargeable with time lost under Article of War 107.

"2. That the Department of the Army issue to Hans Goldstein, 14 085 997, a certificate of honorable discharge in the grade of Corporal from the Army of the United States, dated 9 July 1945, showing no time lost under Article of War 107, in lieu of the dishonorable discharge of the same date now held by him.

"3. That the Department of the Army pay all pay and allowances

---

* Now 18 U.S.C. §§ 287, 1001.

1. Other misrepresentations by plaintiff at the time of his enlistment were not in the charge brought against him by the court-martial (finding 11).

forfeited as the result of the sentence of the general court martial and subsequent dishonorable discharge.

"4. That all other requests of Hans Goldstein, 14 085 997, for correction of his military records, be and hereby are denied."

On January 28, 1952, pursuant to this directive, plaintiff was given an honorable discharge as of July 9, 1945, and his records were corrected to show that he had been honorably separated from the service on that date. As a result of this correction and the direction of the Secretary of the Army, there became due plaintiff the sum of $307.04 (finding 22) which he had forfeited under the dishonorable discharge. Although offered this amount, plaintiff has refused to accept it. Defendant now concedes that he is entitled to this amount.

Following the aforementioned actions plaintiff filed this suit asking for the further pay which the Board and the Secretary of the Army had denied him. His alleged right to this additional pay is based on two grounds: (1) The failure of the Army to place him in the rank of technical or master sergeant in accordance with a pre-enlistment covenant alleged to have existed between the Army and plaintiff entitling him to serve as a specialist at one of these higher grades, and (2) Since his dishonorable discharge of 1945 was supplanted by the issuance of the honorable discharge in January 1952, plaintiff takes the position that he was not lawfully separated from the service until the latter date, and is therefore entitled to pay of his rightful rank until that date.

■ We find no merit in either of plaintiff's contentions. While he was inducted into the service because the Army was led to believe that he possessed needed skills, the record is void of any "covenants" whereby the Army bound itself in any way to grant plaintiff a particular assignment and rank. Later admissions by the Army that plaintiff may have been misassigned do not constitute such an agreement as would entitle plaintiff to recover by suit the pay of a higher rank or grade. Nor can this court undertake to grant plaintiff promotions or assignments which the Army having jurisdiction over him decided not to make. Orloff v. Willoughby, 345 U.S. 83, 73 S.Ct. 534, 97 L.Ed. 842. Moreover, any right which plaintiff might assert in this court under any agreement made with the Army at the time of his enlistment in August 1943, is barred by the six-year statute of limitations applicable to suits in this court. 28 U.S.C. § 2501. The petition was filed on September 26, 1952, which is more than six years after his separation from the service on July 9, 1945. This is the latest date that could possibly be selected for the accrual of this type of cause of action.

■ Nor can it be held that the issuance of the honorable discharge in 1952, in lieu of the dishonorable discharge previously issued, had the effect of erasing plaintiff's 1945 separation and entitling him to Army pay beyond that date. The honorable discharge was dated July 9, 1945, and plaintiff's records as corrected show this to be his date of discharge. Both in fact and of record, plaintiff was separated from the Army on July 9, 1945.

As mentioned above, plaintiff sought from the Army Board on Correction of Military Records the relief by way of additional pay that he now seeks here and that body denied it. We find no reason to alter the Board's decision. See Gordon v. United States, 121 F.Supp. 625, 129 Ct.Cl. 270.

Plaintiff is, of course, entitled to the $307.04 conceded to be due by defendant, and judgment is entered for him in that amount. In all other respects his petition is dismissed.

It is so ordered.

JONES, C. J., and LARAMORE, MADDEN, WHITAKER, JJ., concur.