John M. DONNELLY, Woodrow Wilson
Patterson, Alvin L. Valnes
v.
The UNITED STATES.
No. 30–53.

United States Court of Claims.
Oct. 4, 1955.

Fred W. Shields, Washington, D. C., for plaintiffs. King & King, Washington, D. C., were on the brief.

Francis X. Daly, Washington, D. C., with whom was Warren E. Burger, Asst. Atty. Gen., for defendant.

Before JONES, Chief Judge, and LITTLETON, WHITAKER, MADDEN and LARAMORE, Judges.

JONES, Chief Judge.

Plaintiff, John M. Donnelly, and two other naval enlisted men, brought this action to recover damages which they claim resulted from certain allegedly unlawful proceedings taken against them by their commanding officer purporting to act under Article 15(d) of the Uniform Code of Military Justice, 50 U.S.C.A. § 571(d). We suspended proceedings in the case to allow the plaintiffs to seek relief before the Board for the Correction of Naval Records. This Board made certain corrections and offers of back pay which were acceptable to Donnelly's co-plaintiffs, but which were not acceptable to him. He now seeks further relief in this court, and the defendant, in answer thereto, renews its motion to dismiss the petition.

The facts are briefly these: In 1952 while plaintiff Donnelly was serving in the grade of commissaryman, first class, he took a service-wide test for promotion to the grade of commissaryman, chief. He passed the examination and qualified for advancement but was not actually appointed to the higher grade. Instead he was accused of cheating on the examination and he was reduced one grade to commissaryman, second class, by his commanding officer who was purporting to act pursuant to Article 15(d) of the Uniform Code of Military Justice. Plaintiff protested this demotion but without success. Eventually he brought this suit for the difference in pay between commissaryman, chief, and commissaryman, second class, from on or about July 18, 1952, to the date of the court's opinion.

The Board for the Correction of Naval Records corrected Donnelly's records to show that he had not been reduced to commissaryman, second class, and offered him the difference between the pay

of that grade and commissaryman, first class, for the period that he had been in the lower grade. Plaintiff Donnelly did not accept the Navy Department's tender made pursuant to the Board's action and now reasserts his original claim for the difference in pay between the grade of commissaryman, second class, and commissaryman, chief.

 We think the plaintiff, Donnelly, is limited to recovery of pay in accordance with the records as they now stand corrected. To allow him to recover pay for the grade of commissaryman, chief, would be to allow him to receive payment for a position to which he was never actually appointed. Perhaps it was wrong for the Navy not to have promoted plaintiff; perhaps this wrong was due to the allegedly illegal proceedings under the Uniform Code. Still the courts cannot undertake to treat plaintiff as though he had actually been promoted. Goldstein v. United States, Ct.Cl., 130 F.Supp. 330. Appointment is an executive function, involving the exercise of executive discretion. Keim v. United States, 177 U.S. 290, 20 S.Ct. 574, 44 L.Ed. 774. This court cannot exercise this function and in the absence of actual appointment, or facts equivalent thereto, we cannot award Plaintiff Donnelly compensation as commissaryman, chief. United States v. McLean, 95 U.S. 750, 753, 24 L.Ed. 579; Amundson v. United States, 120 F.Supp. 201, 128 Ct.Cl. 80; Coleman v. United States, 100 Ct.Cl. 41.

Plaintiff Donnelly's petition is dismissed in so far as it seeks to recover for the pay of commissaryman, chief. Plaintiff John M. Donnelly [1] is entitled to recover the difference in pay between commissaryman, first class, and commissaryman, second class, from July 18, 1952, to the date of his restoration to the grade of commissaryman, first class. Entry of judgment will be suspended pending the filing of a report from the General Accounting Office showing the exact amount due or pending the filing of a stipulation by the parties showing the agreed amount due.

It is so ordered.

MADDEN, WHITAKER and LITTLETON, Judges, concur.

LARAMORE, Judge, took no part in the consideration or decision of this case.

---

[1] The plaintiffs W. W. Patterson and Alvin L. Valnes, having accepted the action of the Board for the Correction of Naval Records and having been paid on that basis, the petition as to their claims was dismissed April 13, 1955, on the motion of such claimants.