MaddeN, Judge,
delivered the opinion of the court:
The plaintiff, a veteran preference eligible, sues for the salary which he lost as a result of a five-day suspension from his position as a city mail carrier in Worcester, Massachusetts. He claims that his rights were violated in several regards.
For some time prior to November 8, 1957, the plaintiff had been employed as stated above. He was in the classified Civil Service, had competitive status, and was, as we have seen, a veteran preference eligible. On the above date he was served with a letter of charges which said that the letter was a 30-day advance notice that it was proposed to remove him from the service or take such other disciplinary action as might be determined to be appropriate. Six specific instances of inadequate performance of duties were recited in the letter of charges. The letter advised the plaintiff that he was given five days within which to reply in writing to the charges, and to furnish affidavits or other evidence in support of his reply.
On November 12 the National Commander of the Federal Employees Veterans Association, Inc., replied, for the plaintiff, to the letter of charges. The reply said, “This is an appeal under the provisions of the Veterans’ Preference Act of 1944.” Further on in the reply was this statement:
Mr. LaMarche denies all the charges contained in your letter of 8 November and desires a hearing under the provisions of sec. 14 of the Veterans’ Preference Act in which he will present facts to support his claim.
On November 15 the Postmaster at Worcester acknowledged receipt of the reply and repeated the statement, made in the letter of charges, that the plaintiff might submit affidavits or other written evidence. The plaintiff did not, at this stage, submit any such evidence.
On November 19 the Postmaster recommended to the Regional Director of the Post Office Department, who was stationed in Boston, that the plaintiff be suspended without pay for 60 work days.
*633 The Regional Director on December 5 notified the plaintiff that after consideration of the charges and the reply it had been decided that the charges had been sustained, and that the plaintiff was suspended for 14 working days. This letter advised the plaintiff of his right to appeal, within 10 days, to the Civil Service Commission.
By a letter dated January 28,1958, the Regional Director advised the plaintiff that his suspension for 14 days was not an adverse action within the meaning of section 14 of the Veterans’ Preference Act, 5 U.S.C. § 863, but that the Post Office Department’s own grievance procedure was available if the plaintiff desired a review of the facts and the decision. The statement about section 14 had to do with the fact that that section applies only, in case of suspensions, to persons “whose suspension for more than 30 days * * * is sought”, and was a withdrawal of the December 5 advice that the plaintiff might appeal to the Civil Service Commission.
The plaintiff filed a formal grievance appeal with the Post Office Department. The Regional Director accepted the appeal and a hearing was held on May 7. The plaintiff’s representative said of the hearing that the postal officials allowed the plaintiff to present his grievance and the hearing was indeed fair and impartial. The members of the hearing committee made recommendations to the Regional Director who reviewed the proceedings and, on June 11, 1958, decided to let the 14-day suspension stand.
On June 28 the plaintiff appealed to the Assistant Postmaster General, who, on December 19, 1958, reduced the plaintiff’s suspension from 14 days to 5 days.
In the meantime, on May 19, 1958, the plaintiff wrote to the Civil Service Commission, asserting that his suspension, which at that time had been fixed at 14 days by the Regional Director of the Post Office Department, had been imposed in violation of section 14 of the Veterans’ Preference Act. On June 15 the Regional Director of the Civil Service Commission, and on June 27 the Board of Appeals and Review, decided that since the action of the Post Office Department imposed a suspension of only 14 days, and since *634 section 14 of the Veterans’ Preference Act, providing for an appeal to tbe Civil Service Commission, applied only to suspensions for more than 30 days, the appeal was not accepted.
We consider first the plaintiff’s contention that the Civil Service Commission was obliged to accept and consider his appeal. He says that since the original letter of charges notified him that he might be discharged, or subjected to such other discipline as might be found to be appropriate, his case was a section 14 case. We suppose that, at that stage, it was a section 14 case. If the Post Office Department had, upon consideration of the charges, dismissed them, then there would have been no case, under section 14 or otherwise, and the plaintiff could not have insisted on following through the section 14 procedures. The imposition of a suspension for only 14 days had the same effect, so far as the right to appeal to the Civil Service Commission was concerned. By the time the case reached the stage of such an appeal, there was no action or proposed action involving a suspension of “more than 30 days”, and the statutory provision for a right of appeal to the Civil Service Commission in relatively serious cases was no longer applicable.
We consider now the plaintiff’s contention that his section 14 right to answer the charges “personally” as well as in writing was violated. He complains that he was not advised, in the letter of charges, of his right to answer them “personally.” But he urges that his representative, in his answer in writing, demanded the opportunity to have a personal interview with the postmaster. If he did demand such an interview, there is no ground for complaint that he was not notified that he had a right to demand it. If, as the plaintiff says, his representative intended to demand a personal interview with the postmaster, he did not say so. He said that the plaintiff:
denies all the charges * * * and desires a hearing under the provisions of section 14 of the Veterans’ Preference Act in which he will present facts to support his claim.
*635 The veteran’s right, under section 14, to answer “personally” as well as in writing, is not a right to a “hearing”, in the nature of a trial with the formal presentation of evidence and witnesses. It is only a part of the “answer” to the charges, an opportunity to make a personal appeal to his superior, for whatever effect that might produce. See Washington v. United States, 137 Ct. Cl. 344, petition for cert. dismissed, 355 U.S. 801. The agencies of the Government have a right to provide, as the Post Office Department did provide, for formal hearings to be conducted by designated responsible persons other than the official or officials to whom an employee has a right to answer “personally.” If, then, the plaintiff’s representative intended, as the plaintiff says he did, to request the opportunity to answer personally, he made the request in such inept language that it was misunderstood by the postmaster. Furthermore, the plaintiff did request and receive a hearing before an agency hearing board, which hearing the plaintiff’s representative characterized as fair and impartial. Our conclusion on this point is that the plaintiff did not ask, in understandable language, for a right to answer the charges personally. The “hearing under the provisions of section 14 of the Veterans’ Preference Act in which he will present evidence to support his claim”, which hearing the plaintiff’s representative did ask for, might have referred, or been reasonably understood to have referred, to the appeal to the Civil Service Commission authorized by section 14. As we have said above, by the time the case reached that stage, it was no longer a section 14 case because the disciplinary action had been set at a suspension of only 14 days.
No rights of the plaintiff were denied or withheld. The plaintiff’s motion for summary judgment is denied. The defendant’s similar motion is granted. The plaintiff’s petition will be dismissed.
It is so ordered.
Durbbe, Judge; Laramohe, Judge; Whitaker, Judge; and Jones, Chief Judge, concur.