Laramore, Judge,
delivered the opinion of the court:
This case arises on plaintiff’s and defendant’s separate motions for summary judgment.
Plaintiff seeks recovery of the difference between the retired pay of a lieutenant (jg) and the retired pay of a lieutenant, U.S. Coast Guard Reserve, for the period December 23, 1945, to date of judgment. Plaintiff also requests the court to order the agents of defendant to permit him to select an option under section 3 of the Uniformed Services Contingency Option Act of 1953, 67 Stat. 501, 502. Plaintiff further requests the court to interpret the effect of an unpublished opinion of the Comptroller General, B-134048, dated November 4, 1957, as to his status on the retired list of the U.S. Coast Guard Reserve.
As to the latter two requests of plaintiff; i.e., selection of an option under section 3 and interpretation of the unpublished opinion of the Comptroller General, it is clear that this court can grant no relief to plaintiff. Neither question has any relation to plaintiff’s right to increased retired pay and obviously the court cannot review administrative matters except where they directly relate to the amount of money judgment.
The pertinent facts relative to plaintiff’s claim for increased retired pay are these: On November 25,1942, plaintiff was appointed an ensign in the U.S. Coast Guard Reserve and ordered to active duty in that rank. On September 1, 1943, he was appointed a lieutenant (jg) for temporary service. On October 12,1945, he entered on terminal leave, which expired on December 22,1945. He was then released from further active duty, not by reason of physical disability. On October 10,1945, he was examined and found physically qualified for inactive duty. Under the provisions of AL-COAST 131, dated October 24, 1945, plaintiff was promoted to the grade of Lieutenant TS (temporary service) effective on October 23, 1945, while he was on terminal leave. A physical examination of November 8, 1945, indicated that *762 plaintiff was physically qualified for promotion. This temporary appointment as lieutenant terminated by expiration of the term of the appointment on December 22,1945. Effective December 28, 1945, following his release to inactive duty, plaintiff was given a permanent appointment as lieutenant, U.S. Coast Guard Reserve, which 8-year appointment expired December 27, 1948.
On January 5, 1954, plaintiff filed a petition with the Board for Correction of Military Records of the Coast Guai’d requesting that his records be corrected to show that he was not physically fit for duty at the time he was released to inactive duty. After a hearing the Correction Board decided that plaintiff’s condition became disabling in October of 1945, while serving in the rank of lieutenant (jg) and that he be placed on the disability retired list as of December 23,1945, in the rank of lieutenant (jg). This decision was approved.
On October 8, 1954, the Coast Guard requested the Comptroller General of the United States for a decision on the question of whether plaintiff’s disability retired pay, to which he became entitled by reason of the Correction Board action, would be computed on the basis of the pay of a lieutenant or a lieutenant (jg). The Comptroller General by decision dated January 28,1955, ruled that plaintiff was entitled to the retired pay of a lieutenant (jg). Plaintiff has refused to accept the payment of retired pay on the basis of the grade of lieutenant (jg) and this petition results.
In short, the answer to the question is that plaintiff is bound by the decision of the Correction Board unless the same is arbitrary, capricious or unlawful. Wales v. United States, 132 Ct. Cl. 765; Gordon v. United States, 129 Ct. Cl. 270.
In this case there is no allegation or proof that said action of the Correction Board was either arbitrary, capricious, or unlawful. As a matter of fact, the evidence shows that the Correction Board action was lawful. ALCOAST 13, under which authority plaintiff was promoted, provided, that officers on leave or awaiting orders pending retirement were not eligible for temporary promotion. Therefore, since the. Correction Board correctly found, and plaintiff so contended, *763 that he was incapacitated prior to the promotion date, while serving in the grade of lieutenant (jg), no eligibility existed for promotion.
It follows that since the Correction Board action was justified and lawful, plaintiff is consequently entitled only to the retired pay based on the grade of lieutenant (jg).
Defendant’s motion for summary judgment is granted and plaintiff’s motion is denied. The petition is dismissed.
It is so ordered.
Dureee, Judge; MaddeN, Judge; Whitaker, Judge, and Jones, Chief Judge, concur.