Dureee, Judge,
delivered the opinion of tbe court:
Plaintiff, a veteran’s preference eligible, is seeking recovery on two interrelated claims. He first alleges that he was wrongfully denied promotion'by the Public Housing Administration from a GS-13 to a GS-14 level on October 1,1954. He then alleges that his removal from Government employment by .the same agency on July 11,1956, was wrongful due to certain procedural defects. He therefore asks for the difference in salary between grade GS-13 and GS-14 from October 1, 1954, to July 11, 1956, and for the compensation he would have earned subsequent to July 11, 1956, had he not been removed, less of course, any amounts earned by him through other employment during the latter period.
Defendant alleges that plaintiff was neither wrongfully denied promotion, nor denied the rights procedurally guaranteed to him in a removal action. Bath parties have moved for summary judgment on these issues. It should-be noted at the outset that plaintiff has stated that since 1959, outside employment has yielded him higher earnings than he would have earned in the job from which he was removed in 1956.[1] Any amount of recovery would be thereby necessarily limited to lost earnings prior to 1959. .
Plaintiff commenced his career as a civil service employee on August 15, 1939, when he accepted a position with the Federal Housing Administration. He subsequently worked for the Federal Works Agency, and in 1942 transferred to the Federal Public Housing Authority, which was the predecessor to the Public Housing Administration. In April of 1943 plaintiff acquired permanent civil service status. At all times thereafter he remained a classified civil service employee.
In 1952 plaintiff apparently became embroiled in a controversy with his immediate superior, Mr. Davern, over some departmental policy. A subsequent reassignment of plain *80 tiff by Mr. Davem was vigorously protested by plaintiff. Plaintiff maintained that he had in actuality been demoted. The Agency Grievance Board, Civil Service Commission and the Civil Service Commission Board of Appeals and Review rejected plaintiff’s contention however. A reorganization of the Administration then took place during the time plaintiff was in the Navy (February 1, 1953-September 24, 1954). As a result of the reorganization plaintiff’s prior position was abolished, and he was assigned to a newly created position. Plaintiff felt that his purported pre-service demotion had prevented the Administration from considering him for a promotion to a higher position that had been created by the reorganization. He also believed that the Administration, regardless of the purported pre-service demotion, had not complied with a civil service regulation relating to departmental reorganization affecting employees on active duty. Plaintiff, therefore, petitioned for the promotion. The Veterans’ Counseling Service Office, and later on appeal, the Civil Service Commission Board of Appeal's and Review, found no merit in plaintiff’s case.
Plaintiff now asks this court to grant him the additional compensation that he would have received had he been promoted at the time of the reorganization. Regardless of the substance of plaintiff’s claim, which appears from all the facts known to this court to be non-meritorious, this court by long established rule is unable to grant any recovery to a plaintiff in such circumstances as these. The power of appointment is within the discretion of the head of a department. It is an executive function which involves exercising the discretion of the executive. Kein v. United States, 177 U.S. 290 (1900); Amundson v. United States, 128 Ct. Cl. 80, 120 F. Supp. 201 (1954); Donnelly v. United States, 133 Ct. Cl. 120, 134 F. Supp. 635 (1955); Goldstein v. United States, 131 Ct. Cl. 228, 130 F. Supp. 330 (1955), cert. denied 350 U.S. 888 (1955). If this court were to grant recovery to plaintiff it would in effect bestow upon plaintiff a promotion which he never received. In so doing, this court would be making an administrative decision. Such action would be a clear usurpation by the judiciary of an administrative function. We hold, therefore, that plaintiff may not *81 recover tbe additional compensation for the promotion he did not receive.
As was previously mentioned, there was a certain amount of hostility between plaintiff and his immediate supervisor, Mr. Davern. This hostility and hard feeling between a superior and subordinate culminated on May 28, 1956, when plaintiff was notified of the filing of a proposed removal against him. Included in the notice of proposed removal were specific charges of scandalous conduct, insubordination, and libel and slander. As a result of these charges, plaintiff was subsequently removed from his position.
Plaintiff is now contesting the dismissal on three specific counts: 1, that he was denied the right to answer the charges personally as guaranteed by Section 14 of the Veterans’ Preference Act;[2] 2, that the charges were based upon statements made during a personnel appeal and were privileged; 3, that there were procedural omissions such as failure to accord plaintiff official time to present his grievance, lack of specificity of charges, and no finding that the removal would promote the efficiency of the service.
This court believes that plaintiff is correct in stating that he was denied the right to answer the charges personally as' guaranteed by Section 14 of the Veterans’ Preference Act. The discussion of this aspect of plaintiff’s claim will be limited, therefore, to this point.
As we know, plaintiff received notice of the proposed removal on May 28, 1956. Three days later on May 31, 1956, plaintiff sent a memorandum to the Commissioner of the Housing Administration, Mr. Slusser, in which he protested the filing of the charges, and asked that he be given until June 15, 1956, in which to answer the charges. The Commissioner did not withdraw the charges, but did grant the request pertaining to the filing date of answer. On June 15, 1956 plaintiff filed his written answer in a 22-page compendium that denied and attempted to explain away the charges against him. At page 14 of this answer, plaintiff *82 in reference to voluminous documents which, could not be included in the answer, stated:
“ * * * therefore, request the opportunity to present these documents to cognizant officials and to make any oral explanation desired.”
The Assistant Commissioner for Administration, Public Housing Administration, did not construe this statement as a request for a personal interview, and did not direct the Agency Appeal Board to hold a personal interview. Thereafter, on June 27, 1956, while plaintiff’s written reply to the charges was under consideration, plaintiff submitted a memorandum to Mr. Slusser, the Commissioner of the Public Housing Administration, in which he stated:
‡ $ $ $ ❖
“When it is convenient, I would appreciate the opportunity of discussing this matter with you briefly. I had absolutely no difficulty whatsoever working for Mr. Mclntire, and had he remained here this incident would not have arisen.[3]
No action was taken on this memorandum.
... On July 10,1956, plaintiff received notice of removal, and was separated from employment the following day. Plaintiff subsequently filed timely appeals with the Civil Service Commission, and with the Commission’s Board of Appeals and Beview, both of which affirmed.the action of removal.
Plaintiff contends that the aforementioned statement on page 14 of his answer to the. charges against , him, and his memorandum of June 27, 1956, to the Commissioner- of the Public Housing Administration constituted, separately, requests for a personal interview to answer the charges against him. Since he was not afforded an opportunity for a personal interview he contends that he did not receive all the procedural safeguards required by Section 14 of the Veterans’ Preference Act, and therefore, his removal was illegal.
Section 14 of the Veterans’ Preference Act states in pertinent part:
No permanent or indefinite preference eligible, who has completed a probationary or trial period employed *83 in the civil service, or in any establishment, agency, bureau, administration, project, or department, herein-before referred to shall be discharged, suspended for more than thirty days, furloughed without pay, reduced in rank or compensation, or debarred for future employment except for such cause as will promote the efficiency of the service and for reasons given in writing, and the person whose discharge, suspension for more than thirty days, furlough without pay, or reduction in rank or compensation is sought shall have at least thirty days’ advance written-notice (except when there is a reasonable cause to believe the employee to be guilty of a crime for which a sentence of imprisonment can be imposed), stating any and all reasons, specifically and in detail, for such proposed action; such preference eligible shall be allowed a reasonable time for answering the same personally and in writing, and for furnishing affidavits m support of such answer, * * *. [Emphasis supplied.]
This court thoroughly discussed the guarantee of a personal interview under Section 14 of the Veterans’ Preference Act in the case of Washington v. United States, 137 Ct. Cl. 344, 147 F. Supp. 284 (1957), petition for cert. dismissed, 355 U.S. 801. In upholding the unqualified right to such an interview, it was stated:
* * * when Congress gave to the veteran the right to appear personally, it must have intended to give him the chance of succeeding in such an appeal. The naked facts, without the personal appeal, could be just as well stated in writing. And Congress knew, as we all know, that bureaucratic superiors, like other human beings, are susceptible to the effects of personal appeals. [137 Ct. Cl. 344, 350.]
Since plaintiff had. this unqualified right it remains only for us to determine whether or not he attempted to exercise it. In other words, did plaintiff make a request for a personal interview ? Certainly if no request was made, then no duty was incurred by defendant to hold such an interview.
Plaintiff believes that his reply on June 15, 1956, to the charges against him contained such a request. His statement on page 14 of that reply (which plaintiff alleges as the request for personal interview), was not interpreted by the Assistant Commissioner for Administration of the agency as constituting an unequivocal request for a personal inter-
*84 view. Instead, the Assistant Commissioner thought it to be an offer on the part of plaintiff to explain particular documents. The interpretation of that statement is unimportant however, as we believe that plaintiff’s memorandum to Commissioner Slusser on June 27, 1956, contained the all-important request for a personal interview. One sentence in that memorandum stands clear and alone, as would a tree on otherwise barren land. In unmistakable language, plaintiff wrote, “When it is convenient, I would appreciate the opportunity of discussing this matter with you briefly.” There is no ambiguity here. Plaintiff desired a personal interview, and -unqualifiedly requested it. The instant that communication was read by Commissioner Slusser, a duty was imposed to afford plaintiff a personal interview under Section 14 of the Veterans’ Preference Act and Washington v. United States, supra. The failure to grant such an interview was a clear violation of plaintiff’s procedural rights as guaranteed by the Veterans’ Preference Act.
The fact that the request was addressed to the agency head instead of plaintiff’s immediate superior makes no difference, as Commissioner Slusser could easily have either personally set up the interview, or delegated a subordinate to set it up. As this court said in O'Brien v. United States, 151 Ct. Cl. 392, 396, 284 F. 2d 692, 694 (1960), when we upheld the right of a department superior to delegate the task of hearing the personal appeal, “No decision of this court has suggested what form the personal interview at the agency level ought to take, * *
Defendant maintains that since the request of June 27, 1956, was some twelve days after the time allowed for plaintiff to answer the charges it was not timely because the right to answer personally is not a right to a hearing, but only, as the words themselves state, a right to personally answer. Defendant feels that the deadline date to answer, whether orally or in writing, was June 15, 1956, and anything after that date was untimely. Authority relied upon for this position is La Marche v. United States, 150 Ct. Cl. 631 (1960). La Marche, however, does not say what defendant would have it say. The court in La Marche held that plaintiff had *85 not requested a personal interview when he asked for a hearing under Section 14 of the Veterans’ Preference Act. The court distinguished between the right to answer personally and the right to a formal hearing when evidence is presented and witnesses are heard. It concluded that because of this distinction a request for one cannot be deemed a request for the other. Nowhere in the opinion is it stated or implied that a request for a personal meeting with a superior may not be .asked for at a time later than the written answer is filed. We can see no reason for promulgating such a rule, especially in light of the circumstances of this case. The final decision to remove plaintiff from his position was not determined until July 10, 1956, or some two weeks after plaintiff’s request for a personal hearing. An immediate personal interview would have in no way worked to interrupt the deliberations of any board, group, committee, or individual determining the outcome of plaintiff’s plight. Instead, it could only have worked to guarantee a fair, impartial determination.
We therefore conclude that since plaintiff was denied a procedural guarantee of Section 14 of the Veterans’ Preference Act, his removal was improper and illegal, and he is entitled to loss of pay from July 10,1956, until 1959, less any amounts earned by him in outside employment. Summary judgment is therefore entered for plaintiff on the question of removal with the amount of recovery to be determined in further proceedings in accordance with Eule 47 (c) (2). Defendant’s cross motion for summary judgment on this issue is denied. On the issue of denial as to plaintiff’s promotion, plaintiff’s motion for summary judgment is denied, and defendant’s cross motion for summary judgment is granted, with the petition as to such part of plaintiff’s claim dismissed.
Plaintiff’s motion to fix the date for loss of pay under opinion entered on November 13, 1964, granted March 15, 1965, in that the recovery to be determined in further proceedings in accordance with Eule 47(c) (2) under the judg *86 ment entered November 13, 1964 shall include loss of pay through December 31, 1959.
In accordance with the opinion of the court, as amended, a memorandum report of the commissioner, as amended, and a stipulation of the parties as to the amount due thereunder, it was ordered on July 19,1965, that judgment for the plaintiff be entered for $9,729.19 with $2,157.37 of said sum to be credited to plaintiff’s Civil Service Retirement Fund and $250.25 of said sum to be credited as premiums on plaintiff’s Federal Employees Group Life Insurance Fund, and the balance of $7,321.57 to be paid to plaintiff.

 At the time of his removal in 1956 plaintiff was employed by the Public Housing Administration as an Attorney-Adviser (General), Legal Division, Office of the General Counsel at a grade level of GS-13.

 Veterans’ Preference Act of 1944, 58 Stat. 890, as amended by tbe Act of Aug. 4,1947, 61 Stat. 723 (5 U.S.C., 863).

 Mr. Mclntire was the predecessor of plaintiff’s then present superior, Mr. Davern.