Civilian fay; back fay; reinstatement; classification action; Civil Service Commission function. — On April 25,1975 the court issued the following order:
Before skeltoN, Judge, Presiding, kuNzig and beNNEtt, J udges.
“This case is before the court on defendant’s motion for summary judgment to defeat plaintiff’s claim that he was improperly reduced in grade as a result of a reduction-in-force, by the Department of the Army. Plaintiff asserts alleged procedural erorrs and the right to ‘bump.’ Pie has exhausted his administrative remedies by a grievance appeal and an appeal to the Civil Service Commission. Plaintiff claims back pay and the right of reinstatement to the higher grade which he lost in the EIF. He also asserts that defendant was wrong in finding him unqualified for another job, AMMO Quality Control Specialist, GS-9, and says this is an issue of fact requiring trial.
“We have carefully examined plaintiff’s responses to defendant’s motion but conclude that plaintiff has not stated *895 a claim for which relief can be granted within the jurisdiction of this court. In short, what plaintiff claims is the right of appointment and a challenge to his classification. The Civil Service Commission was requested by the Department of the Army in this case to make a qualifications determination. This was proper. 5 U.S.C. §§ 5105, 5110, 5112 (1970). Plaintiff agreed to this procedure at the time. The CSC found plaintiff not qualified for the position he claims and which he says was held by others with lower retention rights. The action of the CSC is presumed to be correct. Plaintiff has failed to overcome the presumption. After a hearing, and after the CSC determination, the Army Materiel Command denied plaintiff’s grievance. We find no legal or procedural error, or evidence of arbitrary or capricious action, or abuse of discretion, either by the Army or the Civil Service Commission.
“it is ordered, on the authority of Wilmot v. United States, 205 Ct. Cl. 666 (Dec. 1974), DiRocco v. United States, 201 Ct. Cl. 867 (1973), Bookman v. United States, 197 Ct. Cl. 108, 116, 453 F. 2d 1263, 1267 (1972), Tierney v. United States, 168 Ct. Cl. 77 (1964), and Donnelly v. United States, 133 Ct. Cl. 120, 134 F. Supp. 635 (1955), that defendant’s motion for summary judgment be and it is hereby allowed, and the petition is dismissed.”