On May 9, 1975 the court issued the following order:
Before SkeltoN, Judge, Presiding, KiiNzig and BeNííett, Judges.
“This case comes before the court- on cross-motions for summary judgment. Plaintiff demands lost wages resulting from his separation from Government service following a reduction-in-force in which his position was abolished. Plaintiff contends that he had a right to retention which was denied to him by unjustified personnel action. He claims that the competitive level to which he was assigned was not properly defined in accordance with applicable law and regulation, and that his agency, the Defense Intelligence Agency, Department of Defense, abused its discretion in defining the positions for which plaintiff was qualified during his employment and in the pertinent period thereafter. Plaintiff contested his separation and has exhausted his administrative remedies, unsuccessfully, before the Appeals Examining Office, Civil Service Commission, and before the CSC Board of Appeals and Review.
“Plaintiff agrees that our review is limited to the questions of whether there has been substantial compliance with procedural requirements and whether the administrative action is so lacking in rational support as to be arbitrary, capricious, so grossly erroneous as to imply bad faith, or is not supported by substantial evidence. Plaintiff concedes that the administrative decisions are entitled to a presumption of correctness and that he has the burden of proof to show that they are not correct. Plaintiff has well briefed and argued his contentions that his competitive level was not *949 defined in accordance with applicable Civil Service Commission regulations and failed to give effect to the congressional intent to preserve the right of employees to retention, and that his agency abused the discretion allowed to it in defining positions during periods pertinent to plaintiff’s employment. The court has carefully considered plaintiff’s contentions but is not persuaded of their correctness. We find no violation of applicable law or regulations, no lack of substantial evidence as to the correctness of the adverse administrative decision by the Civil Service Commission, and no arbitrary, capricious or grossly erroneous action or bad faith which would vitiate that decision which we believe is entitled to finality under the circumstances of this case; nor do we find any material facts requiring a trial. We do not find it necessary to reach defendant’s defense of mootness wherein defendant argues that plaintiff would have lost his job due to reduction-in-force even if the competitive level codes had been combined and his position and others had been assigned to the same level, as plaintiff urges.
“it is therefore ordered, upon consideration of the briefs, exceptions, and oral argument of the parties, and upon the authority of 5 U.S.C. § 5105, et seq., Garrigan v. United States, 206 Ct. Cl. 894 (1975), Wilmot v. United States, 205 Ct. Cl. 666 (1974), DiRocco v. United States, 201 Ct. Cl. 867 (1973), and Bookman v. United States, 197 Ct. Cl. 108, 116, 453 F. 2d 1263, 1267 (1972), that defendant’s motion for summary judgment be and it is allowed, plaintiff’s cross-motion for summary judgment is denied, and the petition is dismissed.”
Plaintiff’s motion for rehearing was denied on June 27, 1975. Plaintiff’s petition for certiorari was denied December!, 1975,423 U.S. 994.