Charles B. **WALES**, Plaintiff,

v.

The **UNITED STATES**, Defendant.

No. 272–54.

United States Court of Claims.

May 3, 1955.

Guy Emery, Washington, D. C., for plaintiff. Ansell & Ansell, Washington, D. C., were on the briefs.

John R. Franklin, Washington, D. C., with whom was Warren E. Burger, Asst. Atty. Gen., for defendant.

Before JONES, Chief Judge, and LITTLETON, WHITAKER, MADDEN and LARAMORE, Judges.

LITTLETON, Judge.

Plaintiff sues for the retired pay due to an army officer who has suffered permanent physical disability in line of duty. Both parties have filed motions for summary judgment.

After service as an enlisted man in World War I, plaintiff was appointed a second lieutenant in the Officers' Reserve Corps in 1923. From 1923 to 1941, plaintiff regularly engaged in the summer training periods applicable to Reserve officers. Plaintiff was called to active duty in January 1941, and served on active duty until his release on January 20, 1950. Subsequently, on August 3, 1951, plaintiff was transferred to the 'Honorary Reserve. Plaintiff is now a colonel in the Retired Reserve Corps.

Plaintiff contends that he became permanently incapacitated for military service while serving on extended active duty with the Army between 1941 and 1950, and that such incapacity in fact and in law entitles him to the retirement pay of which he alleges he has been arbitrarily, capriciously and unlawfully deprived.

Plaintiff, on March 10, 1949, underwent a transurethral resection of the prostate gland at Brooke General Hospital, Fort Sam Houston, Texas. Plaintiff was again ordered to Brooke General Hospital on January 3, 1950, for the purpose of undergoing a complete final-type physical examination prior to separation from active duty to inactive status. The plaintiff's diagnoses at that time were:

"1. Ulcer, peptic of duodenum, 'old,' chronic, healed, manifested by deformity of duodenal cap, cause undetermined (not incapacitating). Unchanged. LD: Yes.

"2. Deformity, congenital, back, manifested by deformity of vertebral

body of D–10 (not incapacitating). Unchanged. LD: No, EPTS.

"3. Otitis externa, bilateral, mild, chronic, cause undetermined (not incapacitating). Improved. LD: Yes.

"Degree of disability for military service, partial, permanent. Type of service recommended, General. The board recommended that Colonel Charles B. Wales be returned to duty."

On January 20, 1950, plaintiff was released from active duty, "not by reason of physical disability."

■ The plaintiff contends that since the Medical Board found that his disability for military service was partial and permanent; and on January 21, 1950, the Veterans' Administration found plaintiff to be 30 percent disabled for the purpose of the compensation laws; therefore the plaintiff is entitled by virtue of the provisions of section 402(a) of the Career Compensation Act of 1949, 63 Stat. 816, 37 U.S.C.A. § 272, to receive disability retirement pay from January 20, 1950.

This act provides that:

"(a) Upon a determination by the Secretary concerned (1) that a member of a regular component of the uniformed services entitled to receive basic pay, or a member of a Reserve component of the uniformed services entitled to receive basic pay who has been called or ordered to extended active duty for a period in excess of thirty days, *is unfit to perform the duties of his office, rank, grade, or rating, by reason of physical disability incurred while entitled to receive basic pay;* * * * (3) that such disability is 30 per centum or more in accordance with the standard schedule of rating disabilities in current use by the Veterans' Administration; (4) that such disability was the proximate result of the performance of active duty; and (5) that accepted medical principles indicate that such disability may be

of a permanent nature, the name of such member shall be placed upon the temporary disability retired list of his service by the Secretary concerned and such member shall be entitled to receive disability retirement pay * * *." [Italics supplied.]

Subsection 414(a) of the above act, 63 Stat. 825, 37 U.S.C.A. § 284, provides that:

"(a) All duties, powers, and functions incident to the determination of fitness for active service, percentage of disability at the time of separation from active service, and suitability for reentry into active service and entitlement to and payment of disability severance pay shall be vested in the Secretary concerned."

In the instant case, the Medical Board found plaintiff fit for active duty and recommend general service. Section 402 (a) of the Career Compensation Act of 1949, supra, provides that a Reserve officer is only entitled to disability retirement pay upon a determination by the Secretary concerned that such officer is unfit to perform the duties of his rank by reason of physical disability incurred while entitled to receive basic pay. Therefore plaintiff is not eligible for disability pay under this section of the act because the Medical Board found him physically fit for general duty.

Plaintiff says that the refusal of the Army to refer his case to a Medical Review Board, so that it could include a reference to the transurethral resection in the plaintiff's medical record, was unlawful because the Army failed to follow Army regulations. The regulation in question is AR 40–100, April 8, 1946. This regulation provides:

"Par. 6c. All cases in which there is a disagreement among medical officers responsible for the terminal physical examination, or in which the individual claims disability from defects not considered of incapacitating character by the examining board, will be referred for decision to a medical review board."

The affidavit of the plaintiff submitted in connection with his motion does not state the circumstances of his request for review, or that he claimed disability from defects which were not considered of incapacitating character by the examining board.

The fact that the Veterans' Administration rated plaintiff 30 percent disabled and granted him disability compensation does not, as the plaintiff contends, entitle him to disability retirement under section 402(a) of the Career Compensation Act of 1949. The mere fact that plaintiff suffered ailments which form the basis for compensation by the Veterans' Administration does not entitle him to retirement and retirement pay for physical disability. Holliday v. United States, 128 Ct.Cl. 647. Before the Veterans' Administration schedules are used to rate disabilities under the provisions of section 402 of the act, supra, it is assumed that there has been a finding by the proper authority that the officer is unfit to perform the duties of his office by reason of physical disability incurred while entitled to receive basic pay. Not all ailments or disabilities are incapacitating to the extent of requiring retirement.

■ The Medical Board found that plaintiff was fit for general military duty at the time of his release by the Secretary to inactive duty. This finding still stands. This court can not undertake to determine who is fit or unfit to serve in the military forces. Holliday v. United States, supra. Beamish v. United States, Ct.Cl., 128 F.Supp. 158. And, as stated in Orloff v. Willoughby, 345 U.S. 83, 73 S.Ct. 534, 540, 97 L.Ed. 842:

> " * * * judges are not given the task of running the Army. * * * Orderly government requires that the judiciary be as scrupulous not to interfere with legitimate Army matters as the Army must be scrupulous not to intervene in judicial matters."

■ After the examination and finding of the Medical Board in January 1950, plaintiff was again examined on April 19, 1951, and found to be unfit for retention in the Reserves. Plaintiff applied for a hearing before a Physical Evaluation Board. This request was denied. Since plaintiff had been found fit for duty and separated from active duty not by reason of physical disability, there was no legal requirement that plaintiff be given a hearing before the Physical Evaluation Board. Section 413, Career Compensation Act of 1949, 37 U.S.C.A. § 283. *Eligibility for disability retirement requires physical unfitness for duty while serving on active duty.* Plaintiff's allegations and evidence do not meet this test.

■ The Army Board for Correction of Military Records, which considered plaintiff's case, had this whole matter before it in 1953–54, including the failure of the Medical Board to note the transurethral resection in plaintiff's diagnoses and also the failure of the Medical Review Board and the Physical Evaluation Board to grant plaintiff a personal hearing. The Army Board for Correction of Military Records found that there was neither injustice nor inequity in the plaintiff's case. The Board considered the entire case and after a thorough review of plaintiff's military, medical, and Veterans' Administration records failed to find any injustice relative to plaintiff's case. The Board further advised plaintiff that his army records, together with such facts as were presented by plaintiff, failed to establish sufficient basis for a hearing of his case by the Board. Plaintiff contends that the failure of the Board to grant him a hearing was arbitrary and illegal. The statute creating this Board does not require that a hearing be given. The statute, 65 Stat. 655, 5 U.S.C.A. § 191a, provides as follows:

> "(a) The Secretaries of the Army, Navy, and Air Force and the Secretary of the Treasury (with respect to the Coast Guard), respectively, under procedures set up by them, and acting through boards of civilian officers or employees of their respective Departments, are authorized to correct any military or naval record

where in their judgment such action is necessary to correct an error or remove an injustice, and corrections so made shall be final and conclusive on all officers of the Government except when procured by means of fraud * * *."

Rule 10 of the Army Board for Correction of Military Records, AR 15–185, November 14, 1952, also provides that:

"Denial of Application.—It shall be adequate ground for denial of any application that a sufficient basis for review has not been established or that effective relief cannot be granted."

Plaintiff does not establish, by the facts alleged and the circumstances in this case, that the actions of the Boards in refusing to grant him a hearing were arbitrary.

The Army Board for Correction of Military Records has very broad powers. It is the Board's function to correct military records to remove errors or injustices. It found neither error nor injustice in this case. Furthermore, this Board has the authority to authorize retirement pay if the military record requires such action. 65 Stat. 655, 5 U.S. C.A. § 191a (b). The Board, if this case merited it, could have granted the plaintiff the relief which he seeks here. The Board did not so find.

■■ Therefore, in the absence of a clear showing that the Board acted arbitrarily or capriciously and therefore unlawfully, we will not disturb its findings. Gordon v. United States, 129 Ct. Cl. 270. However, the doors of this court are always open to grant relief to a party aggrieved by the action of an executive or administrative officer which is arbitrary or capricious. Carlin v. United States, 100 F.Supp. 451, 121 Ct.Cl. 643. The Supreme Court has long recognized the right of the court to review such action. Dismuke v. United States, 297 U.S. 167, 56 S.Ct. 400, 80 L.Ed. 561. But the facts and circumstances present in this case fail to make such a showing.

For the foregoing reasons plaintiff's motion for summary judgment is denied, defendant's motion for summary judgment is granted, and plaintiff's petition is dismissed.

It is so ordered.

JONES, C. J., and LARAMORE, MADDEN and WHITAKER, JJ., concur.