Laramoke, Judge,
delivered the opinion of tbe court:
Plaintiff[1] sues for the retired pay claimed to be due an Army officer who has suffered permanent physical disability in the line of duty. Both parties have filed motions for summary judgment.
The facts as alleged in the petition, together with exhibits, are the same as alleged in the former case of Wales v. United States, 132 C. Cls. 765, with this addition: Plaintiff now claims arbitrary action on the part of the Army Physical Evaluation Board at Walter Reed Army Hospital, which, on December 20, 1955, after our decision in the above-cited case, recommended that plaintiff be found physically fit for military duty as of January 20, 1950.
He further claims that he timely filed his rebuttal to the findings of the Physical Evaluation Board, and neither the rebuttal nor the findings and recommendations were referred to the Physical Review Council for review, as is required by Army Regulations. As a result, plaintiff claims that the Secretary of the Army has neither approved nor disapproved the findings and recommendations of the Evaluation Board as required by law.[2]
The facts further show that plaintiff requested a reconsideration of his application for correction of his records *115 which was denied by the Army Board for Correction of Military Records on February 17,1956.
Thus, the only question presented here is whether, based upon the new facts as alleged, this court can now say that there was arbitrary action on the part of the Physical Evaluation Board.
The action of the Physical Evaluation Board complained of was merely an examination given plaintiff for the obvious reason that plaintiff be permitted to seek reconsideration of his case before the Army Board for Correction of Military Records. It appears that said Board again found plaintiff fit for military duty as of January 20, 1950, in accordance with the conclusion of the Physical Evaluation Board.
After carefully considering the former case of Wales v. United States, supra, together with the new facts alleged, we are of the opinion that all facets of this case were presented and considered by the court in its former opinion. Plaintiff’s cause of action is still based on his release from active duty in 1950, not by reason of physical disability.
Under these facts and circumstances it is obvious that this is merely a reassertion of plaintiff’s claim which was decided adversely to him and he is bound thereby. Cromwell v. County of Sac, 94 U. S. 351; Commissioner v. Sunnen, 333 U. S. 591. To hold otherwise would be to say that each time a person applies for a reconsideration and the application is denied, a new cause of action would arise. This would mean that no case could ever be set at rest. Plaintiff has had a full and fair consideration of his case by all boards and this court. We think he is entitled to no more.
Defendant’s motion for summary judgment is granted, and plaintiff’s motion is denied. The petition is accordingly dismissed.
It is so ordered.
Reed, Justice (Bet.), sitting by designation, and Whitaker, Judge, concur.

 This action is brought in the name of the Executrix of the estate of Charles B. Wales. However, all references to plaintiff throughout this opinion will be to the deceased, Charles B, wales.

 Plaintiff has not undertaken to brief or argue this point and we therefore treat this question as having been abandoned.