Laramore, Judge,
delivered the opinion of the court:
Plaintiff, while on active duty as an officer of the Naval Deserve, met a Navy Retiring Board on December 13, 1944. That Board found plaintiff entitled to be retired for physical disability by reason of a “Fecal Fistula,” and on March 1, 1945 plaintiff was placed on the disability retired list with disability retired pay entitling him to receive 75. percent of the pay of a commander of the United States Navy. This was the maximum he could have received pursuant to the law then in effect.
On June 1, 1950, pursuant to the Career Compensation Act of 1949, 63 Stat. 802, 823, the Secretary of the Navy, through his delegate, informed plaintiff of his election as to retirement pay benefits under section 411 of that Act. In accordance with that section, and pursuant to the regulations prescribed by the President, Executive Order 10124,3 G.F.R. 315 (1950), the Secretary of the Navy rated his disability at retirement as being 50 percent disabling under Veterans Administration Code 7330.[1] This was predicated on the finding by the Retiring Board that his incapacity was due to a “Fecal Fistula.” Under this method plaintiff would be entitled to receive 50 percent of the basic pay of a commander with over 22 years of service. On June 12, 1954, plaintiff exercised his election privilege and elected to continue to receive retired pay under the laws in effect prior to October 1,1949.
On June 9, 1959, plaintiff filed an application with the Board for Correction of Naval Records to correct his records to reflect what he believed to be the correct degree of his disabilities at the time of his separation from the service. *489 On April 29, 1960, plaintiff’s application to the Correction Board was denied without a hearing on the ground that the material submitted failed to establish a sufficient basis for further action. On October 20, 1960, plaintiff filed the instant suit, claiming that the Board acted in an arbitrary and capricious manner and contrary to law in denying a hearing.
The threshold issue we are asked to decide is whether plaintiff’s claim is barred by our 6-year statute of limitations, 28 TJ.S.C. §2501 (1958 Ed.). Plaintiff contends that his claim first accrued on April 29, 1960 when the Board for Correction of Naval Becords denied him a hearing. Plaintiff argues that the Correction Board was the first competent board to pass on his entitlement to receive an increase in retired pay as provided by the Career Compensation Act, supra. On the other hand, defendant contends that plaintiff’s claim first accrued on June 1, 1950 when he was informed by the naval authorities that his disability at retirement had been rated at 50 percent under Veterans Administration Code 7330. Alternatively defendant contends that plaintiff’s claim accrued on June 12, 1954 when he made an irrevocable election to waive disability pay based upon percentage of disability. Under both dates, defendant argues, plaintiff’s claim would be barred by our 6-year statute of limitations, since his petition was filed in this court on October 20, 1960. However, we need not pass on this issue since we find that on the basis of the record before us[2] the Correction Board did not act arbitrarily or contrary to law in refusing to grant plaintiff a hearing.
Plaintiff contends that as of the date of his relief from active duty on March 1,1945 he was suffering from a stricture of the rectum and anus, requiring colostomy, and that pursuant to Veterans Administration Code 7333[3] he was *490 100 percent disabled. Alternatively, plaintiff contends tliat he suffered from cancer of the rectum, a disease which is also 100 percent disabling under Veterans Administration Code 7343.[4]
We have carefully examined plaintiff’s medical record and nowhere in it do we find that at the time plaintiff was retired for physical disability he was suffering from a stricture of the rectum and anus which required colostomy.[5] His medical records reveal that on August 25,1943 plaintiff underwent an operation in which his colon was resected in order to remove an obstructing lesion in the transverse colon. A pathological examination resulted in a diagnosis that plaintiff was afflicted by a carcinoma of the colon, which was later changed. Subsequently, a fecal fistula developed which on three occasions defied attempts at operative closure with the result that on each occasion a colostomy had to be performed to drain the discharge from the fistula. Plaintiff’s condition persisted after he returned to limited duty for six months. Consequently, on November 10, 1944, a Board of Medical Survey was of the opinion that due to the inability to close the fecal fistula, plaintiff was unfit for service. Plaintiff’s diagnosis was changed from “carcinoma, transverse colon” to “fecal fistula.” The Board recommended that he appear before a Naval Retiring Board. The Retiring Board affirmed the Survey Board’s findings and ordered plaintiff’s discharge for reason of physical disability. None of the entries in plaintiff’s medical records reveal that at the time of his discharge he was suffering from a stricture of the rectum and anus. On the contrary, there is an entry which indicates that a proctoscopic examination of the lower sigmoid and rectum was performed which revealed everything to be normal.
*491 As to plaintiff’s contention that he was suffering from cancer of the rectum, we find that it also is not supported by the record. The fact that a resection of the colon was performed to remove what was at the time thought to be a cancerous growth does not lend support to plaintiff’s contention. Apparently the resection of the colon remedied this condition. In any event, the Survey Board changed their diagnosis from carcinoma of the colon to fecal fistula. Plaintiff has introduced no evidence which shows that this diagnosis was erroneous.
Under these circumstances we conclude that the action of the Correction Board in refusing to grant him a hearing was neither arbitrary nor contrary to law. Neither the statute which created this Board (65 Stat. 655) nor the applicable regulations (32 CFB § 723.3(e)) require that a hearing be given. The Board had before it not only plaintiff’s naval medical records but also his subsequent civilian medical history. The Board, in denying plaintiff a hearing, determined that the medical records submitted failed to establish a sufficient basis for further action. In other words, the Board, on the basis of the materials furnished, obviously believed that plaintiff’s disability at the time of retirement was correctly diagnosed. In the absence of a clear showing that the Board acted arbitrarily or capriciously and therefore unlawfully we will not disturb its decision. Wales v. United States, 132 Ct. Cl. 765, 771 (1955); Boland v. United States, ante, 145, 150. We think that plaintiff in this case has not made such a showing.
For the foregoing reasons plaintiff is not entitled to recover and his petition is dismissed.
FINDINGS OP PACT
The court, having considered the evidence, the report of Trial Commissioner Paul H. McMurray, and the briefs and argument of counsel, makes findings of fact as follows:
1. Plaintiff was born in 1889 and is a citizen of the United States residing in California. Plaintiff’s military service is *492 as follows: (a) Midshipman, U.S. Navy, June 5, 1907, to July 28, 1909; (b) U.S. Naval Keserve, April 5, 1917, to October 4, 1917; (c) U.S. Navy, October 5, 1917, to March 3, 1919; (d) U.S. Naval Reserve, June 12, 1919, to June 11, 1923; (e) U.S. Naval Reserve, November 24, 1926, February 28, 1945 (October 2, 1941, to February 28, 1945, being active duty); (f) retired for physical disability March 1, 1945.
2. On July 17,1942, plaintiff was given a physical examination for a temporary promotion and was found physically qualified to perform active duty.
3. On August 2, 1943, plaintiff was admitted to the U.S. Naval Hospital, Bethesda, Md. X-ray studies of plaintiff revealed an obstructing lesion in the transverse colon. On August 25, 1943, an operation was performed, “Resection, partial, colon, obstruction, resection type. Findings: Large adenocarcinoma of distal transverse colon * * *” The pathologic diagnosis was “Adenocarcinoma * * * Reason, established. Not misconduct. Not EPTE.”
4. (a) Approximately 3 weeks later, plaintiff developed some twelfth rib tenderness. The diagnosis indicated that plaintiff had a subphrenic abscess and that the pulmonary changes observed were due to compression atelectasis. On September 10, 1943, an operation was performed with findings “Low Grade perinephrial involvement. Subphrenic space negative.”
(b) On May 8, 1962, at the trial, plaintiff testified that during the operation performed September 10, 1943, one of his ribs was removed.
5. (a) On October 16, 1943, another operation was performed on plaintiff, application of Stetten clamp (crushing clamp) to colostomy spur. Plaintiff continued to have daily dressing to the abdominal wound, and on November 28,1943, he developed a fecal fistula at the site of the colostomy closure.
(b) On January 4,1944, a crushing clamp was reapplied to plaintiff’s colostomy spur; closure of the wound was attempted but failed to hold.
*493 (c) On January 31,1944, another operation, under spinal anesthesia, was performed on plaintiff to close the colostomy. This closure of the wound also failed to hold.
(d) On February 7,1944, plaintiff’s fecal fistula recurred.
(e) Plaintiff testified that during his stay in the hospital his weight dropped from about 180 pounds to about 125 pounds. The medical records reveal that, as of March 1946, he had regained some weight.
6. On April 15, 1944, plaintiff was returned to limited duty for 6 months. The fecal fistula was not closed, and plaintiff carried out his limited duty with considerable effort, due to the leaking fecal fistula, which, it was stated in the medical history, “on examination, admits two fingers.”
7. On August 14,1944, plaintiff was readmitted to the hospital in an effort to have the fistula closed. Medical treatment was as follows: (a) August 18,1944, spur crushed; (b) August 31,1944, surgical closure of fistula; (c) September 11, 1944, “fecal fistula recurred — admits one finger”; (d) October 11, 1944, discharged with draining fistula.
8. On November 10, 1944, plaintiff appeared before a Board of Medical Survey. The Board noted that plaintiff had complained of difficulty from watery stools through leaking fistula; during plaintiff’s 6 months of limited duty he required frequent doses of paregoric to control unpredictable watery stools from fecal fistula. The Board was “of the opinion that his present general weakness and the inability to close the fecal fistula make him unfit for service. The Board feels that his surgical operation was palliative. The tumor had perforated into the mesentery and complete cure was considered unlikely.” Plaintiff’s diagnosis was changed from “Carcinoma, Transverse Colon” to “Fecal Fistula.” The Board recommended that he be ordered to appear before a U.S. Naval Ketiring Board.
9. The Ketiring Board was of the opinion that plaintiff was incapacitated for active service in the Naval Keserve by reason of fecal fistula; that the incapacity was permanent and was a result of an incident of the service, having been *494 incurred subsequent to October 2,1941. Plaintiff was placed on the retired list on March 1, 1945; his disability pay was the pay pursuant to the law then in effect, which gave him 75 percent of the pay of a commander of the U.S. Navy.
10. At the time of plaintiff’s release from active duty, he had an open fistula. Plaintiff testified that the drainage from the fistula caused him constant difficulty. As of March 1946 his medical history, in part, was as follows:
The patient, a 57 year old retired commander, had a resection of his transverse colon for a carcinoma in August 1943. After this he had a colostomy. This colostomy has been closed three times, October 1943, January and August of 1944. After each closure his fecal fistula has reoccurred.
*}{
Proctoscopy: Post-operative mending transverse colon. Proctoscopic 25 cm. of lower sigmoid and rectum are normal.
11. On May 8, 1962, plaintiff testified at the trial as follows : (a) In 1946, at the Presbyterian Hospital in Chicago, he had an operation for the purpose of closing the fistula, (b) In 1952, at the Henry Ford Hospital in Detroit, he had an operation for carcinoma of the rectum, (c) In 1952, at the Milwaukee Hospital in Milwaukee, his prostate gland was removed, (d) In 1957, at the Mary Hitchcock Memorial Hospital, Hanover, New Hampshire, he had a hernia operation.
12. In accordance with the provisions of Section 411 of the Career Compensation Act of 1949 (63 Stat. 802, 823), plaintiff was evaluated by the Navy, and it was determined that his disability should be rated under the provisions of the Veterans Administration Schedule for Eating Disabilities at 50 percent. He had the privilege of electing to receive disability retired pay at 50 percent of the basic pay of a commander ($277.99 per month), or continuing to receive the retired pay under prior statutes at the rate of 75 percent of the pay of a commander. He had 5 years from October 1, 1949, within which to make an election. In 1954 he elected *495 to take the pay of a commander at the rate of $336.88 per month.[1]
13. On June 9, 1959, plaintiff filed an application to the Board for Correction of Naval Becords to correct his records to reflect what he believed to be the correct percentage evaluation of his disabilities at the time of his separation from the service. The evidence in this case does not contain a copy of that application. He furnished copies of Ms medical records from civilian hospitals where he had sought surgical and medical treatment. These documents, with the exception of one, are not part of the record before us.
On April 29,1960, the executive secretary of the Board for the Correction of Naval Becords advised plaintiff as follows:
In view of the fact that your application presented questions of medical fact, the records were referred to the Naval Physical Disability Beview Board and the Chief, Bureau of Medicine and Surgery for advisory medical opinions. Copies of the opinions of the Naval Physical Disability Beview Board and the Chief, Bureau of Medicine and Surgery are enclosed for your information.
Preliminary examination of your Naval record and review of the material submitted by you fails to establish a sufficient basis for further action by this Board.
14. It is found that there is insufficient proof in this case to support plaintiff’s claim that his disability at the time of retirement was other than fistula of the intestine with constant or frequent fecal discharge, ratable under Veterans Administration Code 7330 at 50 percent disabling.
15. It is found that there is insufficient evidence in this case to support plaintiff’s charge that the decision in denying plaintiff a hearing was arbitrary, capricious, or contrary to law.
CONCLUSION OK LAW
Upon the foregoing findings of fact, which are made a part of the judgment herein, the court concludes as a matter of law that the plaintiff is not entitled to recover, and his petition is therefore dismissed.

 Veterans Administration Code 7330 provides :
7330 Intestine, fistula of, persistent, or after attempt at operative closure
Copious, frequent, at times total, fecal discharge-o
Constant or frequent, fecal discharge-Crt
Slight infrequent, fecal discharge-CO
Healed: Rate for peritoneal adhesions.

 The evidence in this case does not contain a copy of plaintiff’s application to the Correction Board, nor do we know what correction plaintiff sought before the Board. Plaintiff did not present to us any expert medical testimony in support of his contentions.

 Veterans Administration Code 73.33 provides :
7333 Rectum and anus, stricture of
Requiring colostomy_.100%
Great reduction of lumen, or extensive leakage_ 50%
Moderate reduction of lumen, or moderate constant leakage_ 30%

 Veterans Administration Code 7343 provides :
7343 New growths, malignant, exclusive of skin growths_100%
Note — The above rating will be continued one gear after surgicalj radium, deep X-ray, or other therapeutic procedure. At this point, if there has been a one year cure without recurrence or metastasis, the rating will be made on residuals.

 Our Trial Commissioner has found that plaintiff was suffering from a stricture of the rectum and anus requiring colostomy. A careful examination of the record discloses no evidentiary basis for this finding. The first mention of a stricture of the rectum appears in plaintiff’s reply to defendant’s objections to plaintiff’s proposed findings.

 Defendant's exhibit 1 in evidence is plaintiff’s election, with respect to three available methods of computation of retired pay under Public Law 351 approved October 12, 1949, to receive retired pay in the amount of $336.88. The Navy form which he signed contained the following statement: “I understand that this election, once made, is final and conclusive for all purposes.”