*Decision will be entered under Rule 50.*

WILLIAM H. LAMBERT AND BEULAH E. LAMBERT, PETITIONERS *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT

Docket No. 7118–65. Filed October 31, 1967.

*Alvin R. Wohl,* for the petitioners.
*Harry M. Asch,* for the respondent.

58

OPINION

The sole issue for decision in this case is whether petitioner may exclude any part of the retirement pay received by him from the U.S. Army from gross income pursuant to section 104(a)(4) of the Code.[2]

Petitioners' position, briefly stated, is that since at the time he retired from the Army he could have retired for either length of service[3] or for a service-incurred physical disability,[4] the fact that he chose the former for personal reasons does not preclude exclusion under section 104(a)(4) of that percentage of the retirement pay corresponding to the percentage of disability petitioner claims to have incurred. We do not get to the issue of the importance of the form of the retirement chosen by petitioner, however, because petitioner has failed to establish on the record that he was, in fact, entitled to retire for physical disability when he left the service.

Petitioners' argument is that the subsequent determination by the Veterans' Administration of a 30-percent Veterans' Administration disability rating for petitioner establishes that petitioner was 30-percent disabled for Army retirement purposes, and that he thus would have been entitled to retire for physical disability had he so chosen. However, as was stated in *Wales* v. *United States*, 130 F. Supp. 900 (Ct. Cl. 1955):

---

[2] SEC. 104. COMPENSATION FOR INJURIES OR SICKNESS.

(a) IN GENERAL.—Except in the case of amounts attributable to (and not in excess of) deductions allowed under section 213 (relating to medical, etc., expenses) for any prior taxable year, gross income does not include—

    \*       \*       \*       \*       \*       \*       \*

(4) amounts received as a pension, annuity, or similar allowance for personal injuries or sickness resulting from active service in the armed forces of any country \* \* \*

[3] 10 U.S.C. sec. 3911.

[4] 10 U.S.C. sec. 1201.

The fact that the Veterans' Administration rated plaintiff 30 percent disabled and granted him disability compensation does not, as the plaintiff contends, entitle him to disability retirement under section 402(a) of the Career Compensation Act of 1949 [5]. The mere fact that plaintiff suffered ailments which form the basis for compensation by the Veterans' Administration does not entitle him to retirement and retirement pay for physical disability. * * * Not all ailments or disabilities are incapacitating to the extent of requiring retirement.

Thus the finding of the Veterans' Administration is immaterial to the issue of whether petitioner could have retired for physical disability from the Army, and the record is barren of any evidence showing that the Army considered the petitioner entitled to such a retirement. In fact, the Report of Medical Examination containing the results of petitioner's retirement physical examination shows that petitioner was qualified for retirement other than for disability, i.e., that he was physically fit on retirement, so far as the Army was concerned.

Under 10 U.S.C. sec. 1216(b), the Secretary of the Army has all powers, functions, and duties incident to the determination under the chapter concerning retirement for physical disability, of the fitness for active duty of any member of the Army. Nowhere in the record has petitioner shown any determination by the Army that he was at the time of his retirement unfit for active duty so as to be eligible to retire for physical disability, and in the absence of such determination, petitioners' argument in this case must fail. Accordingly, we find that petitioner may not exclude any part of the retirement pay he received from the Army from gross income pursuant to section 104(a)(4), and we sustain the determination of the respondent.

*Decision will be entered under Rule 50.*

---

[5] The statute under which Army disability retirement is provided.