Per Curiam;:
Plaintiff, formerly an enlisted man in the Army, was discharged in July 1961 at the expiration of his ■term of sendee. He was not granted disability retirement pay. In these two cases, which we have consolidated and treat together as one, he appears pro se and seeks (a) damages of $10,000,000 from the United States and others for negligence and inadequate treatment for illness while in the service, and (b) entitlement to disability retirement pay. On December 2, 1966, acting on the defendant’s motion to dismiss, we dismissed the first category of claims as beyond our jurisdiction because they sound in tort and lie against defendants other than the United States. At the same time we denied defendant’s motion to dismiss as to plaintiff’s claim for disability retirement pay. The present motions for summary judgment can properly concern only that independent cause of action, the others having already been dismissed.
Plaintiff’s separation physical examination revealed only slight scoliosis (curvature) of the spine, characterized by the examiner as not disabling, and myopia of the right eye. In February 1962 plaintiff applied to tbe Veterans Administration for compensation and, in April 1963, was awarded a 10 percent disability rating (retroactive to the day after his discharge) for hypertrophic arthritis, dorsal-lumbar spine, with *209 X-ray evidence of discogenic disease. He then applied to the Army to give him disability retirement for an arthritic condition of his back. The Surgeon General’s Office reported that during his service plaintiff complained of back pain, that “X-rays of the spine revealed mild degenerative changes with a slight scoliosis,” and that “a lack of motivation and inadequate personality was the main problem rather than any back pathology. The absence of back pathology is confirmed by the VA examination and rating which showed only minimal disability.” Without ordering a hearing, the Correction Board denied the plaintiff’s application summarily in January 1964.
Plaintiff does not present sufficient additional evidence or materials to support his claim for disability retirement pay. No affidavits have been filed, only unsupported statements.[1] Clearly his motion for summary judgment must be denied since, on the present record, the Correction Board’s determination cannot be characterized as arbitrary, capricious, unsupported by substantial evidence, or erroneous in law. The Board could properly find on that record that, as of the time of. separation, plaintiff’s back disability was mild, minor, less than the critical 30% on the VA scale, and not enough to be disabling. See, e.g., Wales v. United States, 132 Ct. Cl. 765, 769, 130 F. Supp. 900, 903 (1955); Wesolowski v. United States, 174 Ct. Cl. 682, 688-90, 693-94 (1966).
As for defendant’s motion, we have to decide whether a trial is warranted. We think not. As already noted, plaintiff does not recite any further or new evidence or testimony— which is relevant — that he wishes to present. He contents himself with broad generalities, imprecise accusations, and irrelevant details, and he offers only meritless legal arguments. It is very unlikely that anything substantial will be added by a trial. In such circumstances, the court has indicated that it is appropriate to dispose of the case on the exist *210 ing administrative record. Brown v. United States, 184 Ct. Cl. 501, 516, 396 F. 2d 989, 999 (1968). We take that course and grant defendant’s motion because, as already said, the Board’s decision must be upheld on the existing record.
Finally, we note, and strongly disapprove, the inclusion in plaintiff’s briefs of profanities, vulgarities, and obscenities which have no place in court papers. We shall treat them as stricken and we admonish plaintiff not to repeat this practice.
The defendant’s motion for summary judgment is granted and the plaintiff’s motion is denied. The portion of the petition which has not already been dismissed is now dismissed.

 He says, for instance, that at one point in his service he was given a “U-2” profile rating. This would not, in itself, show disability. See McEaddy v. United States, 152 Ct. Cl. 311, 327-29 (1961) ; Stephens v. United States, 174 Ct. Cl. 365, 369, 358 F. 2d 951, 952 (1966). He also recites a couple of other instances in which Army doctors refused to consider his illnesses as serious as. he did. Nothing substantial can be gleaned from these recollections.