“This case comes before the court on plaintiff’s motion for summary judgment and defendant’s cross-motion for summary judgment. After a thorough reading of the briefs, consideration of the pleadings, and without oral argument, we grant defendant’s cross-motion for summary judgment, deny plaintiff’s motion for summary judgment, and dismiss plaintiff’s petition.
“Plaintiff is a former captain in the United States Air Force Beady Beserve who was separated from that service on August 26, 1971, after having been twice passed over for promotion to major. Plaintiff alleges that he was not selected for promotion to major due to administrative errors in his Officer Effectiveness Beports (OEBs). He alleges that these errors violated certain Air Force regulations.
“After being notified of his nonselection for promotion to major in January 1969, plaintiff reviewed his personnel records at the Air Beserve Personnel Center in Denver, Colorado. He claims that he then noticed for the first time certain alleged administrative errors in his OEBs. His name was incorrectly spelled on one; the incorrect reporting official prepared two; and there were material misstatements and pertinent omissions on the remaining two.
“In October 1969, plaintiff filed an application with the Officer Personnel Becord Beview Board (OPBBB), requesting the invalidation of the five OEBs in question. That Board denied his application in April 1970.
*538 “In January 1970, plaintiff again'failed to be selected for promotion. He submitted an application in June,1970, to the Air Force Board.for the Correction of Military Records (AFBCMR). Again plaintiff’s application was denied due to insufficient evidence to establish a showing of probable error or injustice. Although plaintiff, requested a hearing, the Board, pursuant to AFR 31-3, denied the request and denied his application on June 22,1971.
“Plaintiff sought legal relief through the United States District Court for the Northern District of Illinois in August 1971. After that court dismissed the complaint for lack of jurisdiction in January 1972, plaintiff appealed to the Seventh Circuit Court of Appeals, which affirmed the decision, of the District Court on June 23, 1973. The Supreme Court denied a petition for writ of certiorari in December 1973. Plaintiff filed the instant action in this court on June 2, 1975.
• “It is now well-established that this court will not review internal military personnel matters. Promotions are a matter of discretion with the military, and the courts are not in the promotion business. Orloff v. Willoughby, 345 U.S. 83 (1953); Brenner v. United States, 202 Ct. Cl. 678 (1973), cert. denied, 419 U.S. 831 (1974).
• “Moreover, the plaintiff’s claim has been denied by the Air Force Board for the Correction of Military Records. There is a substantial body of law to the effect that a court cannot overturn a decision of the BCMR unless it is affirmatively shown by cogent and clearly convincing evidence to be arbitrary, capricious, and not based upon substantial evidence, or is contrary to applicable law and regulations. Since there is a strong presumption that the Board and Secretary (who must approve the action of the Board) faithfully discharged their duties, plaintiff has the burden of proving otherwise. See Cooper v. United States, 203 Ct. Cl. 300, 304 (1973); Dorl v. United States, 200 Ct. Cl. 626, 633, cert. denied, 414 U.S. 1032 (1973), Callan v. United States, 196 Ct. Cl. 392, 450 F.2d 1121 (1971); Biddle v. United States, 186 Ct. Cl. 87 (1968). Plaintiff has-not submitted cogent and clearly convincing evidence that the decision of the AFBCMR was *539 arbitrary or capricious. The vague and ambiguous con-clusory statements offered by plaintiff do not qualify as such evidence.
“This court has also held that the action in refusing to grant a hearing is neither arbitrary nor contrary to law and that, in the absence of a clear showing that the Board acted arbitrary or capriciously, and therefore, unlawfully, its decision will not be disturbed. See Boland v. United States, 169 Ct. Cl. 145 (1965) and Kurfess v. United States, 169 Ct. Cl. 486 (1965).
“For the foregoing reasons, it is ordered that the defendant’s cross-motion for summary judgment is granted, plaintiff’s motion for summary judgment denied, and the plaintiff’s petition is dismissed.”
Plaintiff’s motion for rehearing was denied January 7, 1977. On October 3, 1977 plaintiff’s petition for certiorari was denied.