DOUGLAS DRAKE GUERNSEY, Petitioner v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Guernsey v. Commissioner
Docket No. 9794-77.
United States Tax Court
T.C. Memo 1979-444; 1979 Tax Ct. Memo LEXIS 84; 39 T.C.M. (CCH) 446; T.C.M. (RIA) 79444; November 6, 1979, Filed *84 Petitioner retired from the Army for longevity. For his taxable years in issue, however, petitioner claimed entitlement to either an exclusion or credit under one or both of sec. 104(a)(4) or sec. 105(d) I.R.C. 1954. Petitioner failed to establish that he was actually entitled to retire for disability. Held: neither sec. 104(a)(4) nor sec. 105(d) apply to provide petitioner an exclusion from income with respect to his Army retirement pay. Held further: petitioner is entitled to no credit against tax with respect to his Army retirement pay. Douglas Drake Guernsey, pro se. Thomas J. O'Rourke, for the respondent. STERRETT
MEMORANDUM FINDINGS OF FACT AND OPINION STERRETT, Judge: Respondent determined a deficiency in petitioner's income taxes paid for his taxable years ended December 31, 1973 and 1974 in the amounts of $675.36 and $2,129.78, respectively, in a notice dated August 9, 1977. The only issues for our decision herein are whether petitioner is entitled to an exclusion from income for his taxable year 1973 and a credit against his tax for 1974, under either or both of sections 105(d) or 104(a)(4), I.R.C. 1954. FINDINGS OF FACT Some of the fact have been stipulated and are so found. The stipulation of facts, *86 and exhibits attached thereto, are incorporated herein by this reference. Petitiner Douglas Drake Guernsey filed timely cash basis income tax returns, jointly with his wife, for both the taxable years in issue with the District Director's office in Richmond, Virginia. At the time he filed his petition herein petitioner resided n Falls Church, Virginia. Mrs. Guernsey did not join in filing this petition and is not a party hereto. Petitioner retired from the United States Army (Army) on March 31, 1970, after 22 years of service, with the rank of Master Sergeant, E-8. He did not apply for, nor was he granted, any disability by the Army. Petitioner submitted a claim for disability to the Veteran's Administration (V.A.) at approximately the same time he retired from the Army. He was granted a 10 percent V.A. disability rating because of a neck injury which the V.A. found had been aggravated by his duty with the Army. This disability rating was effective April 1, 1970. During the taxable years at issue petitioner paid no income tax on that portion of his retirement pay he received from the V.A. Respondent is not contending that any tax is owed on this amount. Petitioner *87 waived that portion of his Army retirement pay equal to the amount he received from the V.A, as he was required to do, in order to receive the V.A. pension. In 1973 the petitioner received retirement pay from the Army in the amount of $4,616. In 1974, he received retirement pay from the Army in the amount of $4,979.44. These amounts represent his retirement pay based on years of service, reduced by the amount received from the V.A. On his u973 income tax return, petitioner excluded $4,616 of his Army retirement pay as sick pay. In 1974 he claimed $4,979.44 as a credit against tax. In the aforenoted notice of deficiency respondent determined that petitioner was not entitled to exclude any portion of his retirement pay as sick pay, and that he was nt entitled to claim a credit against tax based on this pay. In July 1978 petitioner filed an application for correction of his military record with the Army. In this application, he requested that his military records be changed to show that, at the time of his retirement, petitioner had an option to retire for disability as well as for longevity. This application was denied by a decision of the Army Board for Correction of Military *88 Records (Board) dated January 15, 1979. In that decision the Board concluded. 1. That the medical evidence of record does not show that [as of his retirement date] the applicant was unfit for duty because of physical disability in accordance with AR 40-501 and AR 635-40. He was considered qualified for duty within appropriate profile limitations. Such limitations did not imply physical unfitness for duty and eligibility for medical retirement or separation. The comments of the OTSG support this conclusion. 2. That any advice to the effect that the applicant had an "option" to elect medical retirement was erroneous and furnished without knowledge of governing regulations. In order to be eligible for medical retirement, the records must demonstrate unfitness for duty which has been determined through the approved findings of a Medical Board and Physical Evaluation Board. The mere existence of "service-connected disabilities" does not mean that a member should have been retired medically. It should be noted that the VA assigns ratings because disabilities are incurred in, or aggravated by, military service. The VA is not required to determine fitness for duty. The Army *89 must find unfitness for duty after thorough evaluation by the disability processing system before a member is eligible to be medically retired or separated. 3. That in view of the foregoing, there is no basis to correct the records as requested. OPINION The sole issue for our decision herein is whether petitioner's retirement pension from the Army qualified under either section 104(a)(4) or section 105(d) during the taxable years in issue. Respondent is, of course, of the opinion that neither section applies to exclude petitioner's Army retirement pay from income. Petitioner, on the other hand, argues that (1) at the time of his retirement from military service he had the option to retire either on the basis of his years of service or on the basis of disability and that (2) his Army receipts should, therefore, qualify under one of the cited sections. [1]
*90 Section 104(a)(4) provides in relevant part as follows: SEC. 104. COMPENSATION FOR INJURIES OR SICKNESS. (a) In General.--Except in the case of amounts attributable to (and not in excess of) deductions allowed under section 213 (relating to medical, etc., expenses) for any prior taxable year, gross income does not include-- * * *
(4) amounts received as a pension, annuity, or similar allowance for personal injuries or sickness resulting from active service in the armed forces of any country * * *. Petitioner has the burden of establishing his entitlement to treatment under section 104. Scarce v. Commissioner17 T.C. 830, 833 (1951). Unfortunately petitioner has failed to carry this burden. The record clearly shows that the moneys petitioner received from the Army during the years in issue were paid with respect to his years of service and not for disability. Petitioner himself concedes this fact. His argument is based, rather, upon his claim that, as he might have retired for disability he should be treated as if he had retired for disability. [2] We refuse to reach petitioner's claim that he had an "option" to retire on disability, however, because *91 petitioner has failed to establish that he was at any time entitled to retire on disability. See Lambert v. Commissioner, 49 T.C. 57, 60 (1967). The fact that petitioner was granted a V.A. disability rating is clearly not dispositive of whether petitioner was considered medically unfit for duty *92 by the Army at the time of his retirement. Indeed, it has long been recognized that Army disability standards may differ from V.A. service connected disability compensation criteria. Cleary v. Commissioner,60 T.C. 133, 136 (1973). Lambert v. Commissioner,supra at 60-61. Petitioner's 10 percent V.A. disability rating does not aid him, therefore, in establishing his entitlement to a section 104(a)(4) exclusion for his Army pension during the years in issue. In fact, the only evidence adduced by either party hereto which could possibly support petitioner's "option" claim directly disproves that such an option ever existed. In refusing to amend his Army records to show that, at the time of his retirement, petitioner had an option to retire on disability the Board found that, for Army purposes at least, petitioner was not subject to such limitation as would imply physical unfitness for duty or eligibility for medical retirement. The Board concluded that any advice petitioner may have received to the effect that he had an "option" to elect medical retirement was erroneous. While certainly not binding upon this Court, the Board's findings comport *93 with our own conclusions with respect to the nature of petitioner's retirement from the Army. The record clearly shows that on October 6, 1969, 6 months before he retired, petitioner was found to be medically qualified for duty with a permanent assignment limitation, i.e. "* * * no assignment involving habitual or frequent exposure to loud noise * * *." Such qualification does not support petitioner's "option" claim. We conclude that petitioner has failed to show that he was entitled to retire for disability on March 31, 1970. Petitioner is not entitled, therefore, to section 104(a) (4) treatment for any of his Army retirement pay received for either of the taxable years before us. Section 105(d) provides in relevant part as follows: SEC. 105. AMOUNTS RECEIVED UNDER ACCIDENT AND HEALTH PLANS. (a) Amounts Attributable to Employer Contributions.-- Except as otherwise provided in this section, amounts received by an employee through accident or health insurance for personal injuries or sickness shall be included in gross income to the extent such amounts (1) are attributable to contributions by the employer which were not includible in the gross income of the employee, or *94 (2) are paid by the employer. * * *
(d) Wage Continuation Plans.--Gross income does not include amounts referred to in subsection (a) if such amounts constitute wages or payments in lieu of wages for a period during which the employee is absent from work on account of personal injuries or sickness; but this subsection shall not apply to the extent that such amounts exceed a weekly rate of $100. We think it clear that none of petitioner's receipts from the Army fall within the purview of section 105. First, the amounts which petitioner received as retirement pay from the Army during the taxable years in issue were not "wages or payments in lieu of wages" paid pursuant to an "accident or health insurance" plan within the meaning of section 105(a) and (d). See section 1.105-4(a)(2)(i) and section 1.105-5(a), Income Tax Regs. Second, the payments were not paid to petitioner with respect to a "period during which the employee * * * [was] absent from work on account of personal injuries or sickness." Section 105(d), section 1.105-4(a)(2)(ii) and -4(a)(3)(i)(a), Income Tax Regs. An employee retired for age cannot be, at the same time, "absent from work." See Jones v. Commissioner,71 T.C. 128 (1978). *95 Thus petitioner was at no time during the taxable years in issue entitled to the protection of section 105(d). Finally we note that, while in 1973 petitioner mistakenly excluded $4,616 (his total Army pension less his V.A. compensation) from income, petitioner took a credit in the amount of $4,979.44 (i.e. the full amount of his Army retirement pay less his V.A. compensation) for 1974. Clearly, as no section of the Internal Revenue Code provides for a credit against tax for Army retirement pay, no such credit is allowable. However, as petitioner inserted this claimed credit in the box labeled "retirement income credit", it is possible that he was also intending to claim any section 37 credit to which he was entitled for 1974. Unfortunately even if we were to view petitioner's claimed credit for 1974 as an attempt to claim a section 37 credit for that taxable year, we are unable to conclude, on the record before us, that petitioner was entitled to such a credit in 1974. See e.g. section 37(d)(2)(A). Thus we must sustain respondent's determinations herein. For petitioner's benefit we note that any taxes petitioner has previously paid or had withheld from his income will be *96 credited against the tax we have found he owes. Along the way petitioner may well have received erroneous advice from Government employees. This is unfortunate but "even" Government employees are human and make mistakes. We cannot transmute such mistakes into a Court opinion. As our decision herein will affect petitioner's allowable sales tax and medical expense deductions Decision will be entered under Rule 155.
Footnotes
1. Petitioner maintains that he did not choose a disability retirement as he felt that this might jeopardize his opportunity to secure suitable civilian employment. Petitioner maintains that he had this option notwithstanding the refusal of the Board to amend his military record to show that such an option existed.↩
2. In effect petitioner would have us adopt and extend the rule of those circuit courts of appeal which have granted sec. 104(a)(4) status to armed service retirement pay even though the taxpayer/serviceman was retired for longevity where the actual reason for his retirement at the particular time was illness or service related injury. See and compare Freeman v. United States,265 F.2d 66, 71-75 (9th Cir. 1959); McNair v. Commissioner,250 F.2d 147, 150 (4th Cir. 1957) reversed 26 T.C. 1221 (1956); Prince v. United States,127 Ct. Cl. 612, 614-615, 119 F.Supp. 421, 422↩ (1954). Unfortunately for petitioner, the factual premise upon which the rule of those cases hinges, that the taxpayer was actually entitled to retire for disability, has not been established here. We need not, therefore, reach this issue.